LANDIN LTD., AND CARL W. JOHNSON v. SHARON LUGGAGE, LTD., OF GREENSBORO, INC., D/B/A CAROLINA LUGGAGE OUTLET; SHARON LUGGAGE, INC.; AND ROBERT F. STEIGER

No. 8518SC318

(Filed 31 December 1985)

**Appeal and Error § 4; Rules of Civil Procedure §§ 58, 59— motion to amend judgment—time for filing appeal—amendment motion withdrawn—appeal not timely**

The trial court did not err in ruling that defendants' notice of appeal and appeal entry from a 26 July 1984 judgment was untimely and should be dismissed where defendants filed a motion to amend judgment on 6 August 1984; at the 24 September 1984 hearing on their motion, defendants stated that they were withdrawing the motion and would instead pursue the case further by way of appeal; the 10-day time limit to give notice of appeal therefore was not tolled because there was never a judicial determination on defendants' motion; and defendants' colloquy with the court during the 24 September 1984 calendar call could not be considered as an oral notice of appeal, made while their motion was still pending.

Judge PHILLIPS dissenting.

APPEAL by defendant from *Ross, Thomas W., Judge*. Judgment entered 30 October 1984 in Superior Court, GUILFORD County. Heard in the Court of Appeals 17 October 1985.

This is a civil action instituted by plaintiffs for breach of a lease agreement. Plaintiff lessors, Landin Ltd. and Carl W. Johnson filed their complaint, alleging *inter alia*, that they are owners of real property consisting of the Greensboro Shopping Mall in Greensboro, North Carolina; that defendants, Sharon Luggage Ltd. of Greensboro, Inc., d/b/a Carolina Luggage Outlet, and Sharon Luggage Inc. entered into a written lease agreement as

primary lessees of plaintiffs; that defendant Robert Steiger pursuant to a written guaranty is the guarantor under the lease of all of the lease obligations of the two corporate defendants; that defendants are indebted to plaintiffs in the amount of $23,545.76, plus utilities, operating expenses, advertising expenses, taxes and other items including a percentage of rent based on gross receipts.

Defendants' first defense and motion to dismiss was that the complaint failed to state a claim for which relief may be granted. Rule 12(b)(6), N.C. Rules Civ. P. Defendants denied that Carl Johnson was a lessor; that Sharon Luggage Inc. is a lessee or tenant under the lease; that Robert F. Steiger is a guarantor of the lease; and that he executed a written guaranty. Defendants averred that Robert F. Steiger only executed a Guaranty of Lease in favor of Pamona Associates, a general partnership.

Plaintiffs made a motion to amend their complaint to reflect the alleged current debt owed to them by defendants. The trial court granted this motion. On 9 July 1984 this action was tried before a jury. At the close of plaintiffs' evidence defendants moved the court for directed verdicts pursuant to Rule 50, N.C. Rules Civ. P. The court allowed defendant, Sharon Luggage Inc.'s motion for directed verdict. The court denied defendants' motions for directed verdict. At the close of all the evidence, cross-motions for directed verdict were made by plaintiffs and defendants Sharon Luggage Ltd. and Robert Steiger. The court denied the cross-motions for directed verdict.

The court submitted two issues to the jury which were answered as follows:

1. What amount is owed by Sharon Luggage, Ltd. of Greensboro, Inc., d/b/a Carolina Luggage Outlet to plaintiffs under the lease agreement:

(a) For base rent?

Answer: 0

(b) For utilities?

Answer: 0

(c) For operating expenses for the first year?

Answer: 0

(d) For operating expenses after the first lease year?

Answer: $1,792.36

(e) For advertising expenses?

Answer: $370.28

(f) For taxes?

Answer: $857.08

(g) For interest?

Answer: $573.75

(h) For re-leasing expenses?

Answer: $5,571.00

(i) For refurbishing expenses?

Answer: 0

(j) For attorneys' fees?

Answer: 0

2. Did Robert F. Steiger guarantee the obligations of Sharon Luggage under the lease?

Answer: Yes

Plaintiff made a motion pursuant to Rule 50, N.C. Rules Civ. P. to have the verdict set aside and to have judgment entered in accordance with their earlier motion for directed verdict on all issues except 1(h) and 2, or alternatively for a new trial on all issues except 1(h) and 2. On 26 July 1984 the court denied plaintiffs' motion as to issues 1(c), (e), (f), (g) and (j); entered judgment of $1,527.45 as to issue 1(a) notwithstanding the verdict; set aside the verdict of $1,792.36 returned on issue 1(d) and entered judgment notwithstanding the verdict in the amount of $4,146.75 as to 1(d); set aside the verdict as to issues 1(b) and (i) but entered a directed verdict as to liability and ordered a new trial as to damages on issues 1(b) and (i).

Landin Ltd. v. Sharon Luggage Ltd.

On 6 August 1984, plaintiffs filed a notice of appeal and defendants, pursuant to Rule 59, N.C. Rules Civ. P., filed a motion to amend judgment. Defendants did not file a cross-notice of appeal. Defendants' motion was calendared for hearing for 24 September 1984. When the motion came on to be heard 24 September 1984, defendants elected not to proceed, although plaintiffs were present and prepared to proceed. On or about 4 October 1984 defendants filed written notice of appeal from the court's judgment entered 26 July 1984. On 9 October 1984 defendants presented to Judge Ross a proposed order that purported to dismiss their motion to amend the judgment. Judge Ross refused to sign this proposed order. Contemporaneously with the proposed order of dismissal, defendants also presented to Judge Ross a proposed appeal entry which recites that "the appeal entry is signed after denial of defendants' motion to amend judgment." Pursuant to Rule 59, N.C. Rules Civ. P., Judge Ross also refused to sign the proposed appeal entry.

On 10 October 1984 plaintiffs filed a motion to dismiss their notice of appeal, and to dismiss defendants' attempted appeal. The court held a hearing on plaintiffs' motion and on 30 October 1984 Judge Ross entered an order dismissing defendants' appeal. From this order entered 30 October 1984 defendants appeal.

*Smith, Moore, Smith, Schell & Hunter, by Alan W. Duncan, for plaintiff appellees.*

*John F. Comer, for defendant appellants.*

JOHNSON, Judge.

Defendants' only Assignment of Error is that the trial court erred by ruling that their notice of appeal and appeal entry from the 26 July 1984 judgment was untimely and should be dismissed. With respect to this Assignment of Error defendants have six (6) exceptions to the trial court's order. Defendants' principal exception is with the following finding by the court:

(4) This motion came on for hearing before the undersigned Judge presiding at the 24 September 1984 civil session of the Superior Court of Guilford County. At the time of the calendar call on this motion, counsel for *defendants stated in open court to the undersigned Judge presiding that he was with-*

---

---

> *drawing the Motion to Amend Judgment, and would instead*
> *pursue this case further by way of appeal.* Counsel for de-
> fendants requested of the Court that the case be removed
> from the calendar in light of his withdrawal of the pending
> motion. Counsel for plaintiffs was present and stated to the
> Court that he was prepared to proceed with the hearing on
> defendants' pending motion at the time this withdrawal of
> the motion to amend judgment was made by counsel for de-
> fendants.

(Emphasis ours.) Defendants, in their brief, present a different
version of the 24 September 1984 calendar call of their motion to
amend judgment.

> At the time of the calendar call on this motion in open court,
> counsel for defendants stated to the Court that he was un-
> able to provide the Court new evidence and would allow the
> Court to rule that the motion be disallowed. Counsel for de-
> fendants specifically stated to the Court that he would
> prepare an Order to that effect and present it to the Court
> and would pursue this case further by way of appeal.

The discrepancy between the trial judge's finding and defend-
ants' version of the procedural posture of the case differ with
respect to: (1) whether the court ruled on defendants' motion or
whether defendants withdrew it and (2) whether defendants gave
an oral notice of appeal while his motion was still pending. The
procedural requirements to appeal from a judgment or order of
Superior Court is set forth in the North Carolina Rules of Ap-
pellate Procedure.

> [G]iving oral notice of appeal at trial, or at any hearing of a
> timely motion under Rule 59 of the Rules of Civil Procedure
> for a new trial or to alter or amend a judgment, or under
> Rule 50 of the Rules of Civil Procedure for a judgment not-
> withstanding the verdict with or without a motion for a new
> trial. . . .

Rule 3(a)(1), N.C. Rules App. P. On 26 July 1984 when the jury
returned its verdict defendants did not give an oral cross-notice
of appeal. On 6 August 1984, ten days after judgment was filed,
defendant filed a Rule 59 motion to amend judgment. This motion
by defendants tolled the time for filing and serving a cross-notice

Landin Ltd. v. Sharon Luggage Ltd.

of appeal until entry of an order on their motion. Rule 3(c) N.C. Rules App. P.

> If not taken by oral notice as provided in Rule 3(a)(1), appeal from a judgment or order in a civil action or special proceeding *must be taken within 10 days after its entry.* The running of the time for filing and serving a notice of appeal in a civil action or special proceeding *is tolled as to all parties by a timely motion* filed by any party pursuant to the Rules of Civil Procedure enumerated in this subdivision, and the full time for appeal commences to run and *is to be computed from the entry of an order upon* any of the following motions: . . . (iii) *a motion under Rule 59 to alter or amend judgment.* . . .

Rule 3(c), N.C. Rules App. P. (emphasis ours). If finding number four (4) by the court that *defendants withdrew* their Rule 59 motion is without error then the ten (10) day time limit to give notice of appeal under Rule 3(c) would not be tolled because there was never a judicial determination on defendants' motion. The key term of art used in Rule 3(c) is "entry." The drafting committee's commentary to Rule 3(c) provides useful guidance in construing the meaning of Rule 3(c).

> 'Entry' is a word of art with a precise meaning now dictated by Rule 58 of the Rules of Civil Procedure. However satisfactory the procedure under Civil Rule 58 generally, its clear specification of the act which accomplishes 'entry' of a judgment of any kind, *coupled with its requirement that this be made a matter of record,* provides counsel with sure means of determining for purposes of appeal that judgment has been entered and the time of its entry.

Commentary Subdivision (c), N.C. Rules App. P. (emphasis ours).

The technical aspects of Rule 58, N.C. Rules Civ. P. indicate the exact requirements which have to be fulfilled in order to have a judgment entered.

> In other cases where judgment is rendered in open court, the clerk shall make a notation in his minutes as the judge may direct and such notation shall constitute the entry of judgment for the purposes of these rules. . . .

The Record on Appeal in the case *sub judice* is devoid of any ruling whatsoever by the trial court with respect to defendants' 6 August 1984 motion to amend judgment. The purpose of the requirements for such notations required by Rule 58, N.C. Rules. Civ. P., is to provide a basis for making the time of entry of judgment easily identifiable and to give fair notice to all the parties of the entry of judgment. *See Barringer & Gaither, Inc. v. Whittenton*, 22 N.C. App. 316, 206 S.E. 2d 301 (1974). Plaintiff was present at the scheduled time for a hearing on defendants' motion and was not apprised of any ruling by the court on defendants' motion. To the contrary, plaintiffs assert and the court's order clearly recites that defendants withdrew their motion. The withdrawal of defendants' motion required no action by the court. Withdrawal of their motion does not entitle defendants to ten (10) days from their withdrawal to file notice of appeal from the 26 July 1984 judgment. To hold otherwise would thwart the tolling provision of Rule 3(c), N.C. Rules App. P. and circumvent Rule 58, N.C. Rules Civ. P. to wit: to give all interested parties a definite fixed time of a *judicial determination* they can point to as the time of entry of judgment.

When defendants withdrew their motion defendants indicated that defendants would instead pursue the matter on appeal. At oral argument defendants for the first time urged this court to consider the colloquy with the court during the 24 September 1984 calendar call as an oral notice of appeal, while their motion was still pending. This we decline to do.

We note that in the conclusion to defendants' brief it is stated that "[t]he Notice of Appeal of defendant-appellants filed on October 4, 1984, was filed and served within ten (10) days of the hearing before the Honorable Thomas W. Ross, Judge Presiding which was held on September 24, 1984." If defendants as they allege gave oral notice of appeal at the 24 September 1984 calendar call on their motion then there would have been no need for defendants to subsequently file a cross-notice of appeal on 4 October 1984. *See* Rule 3(a)(1), N.C. Rules App. P. We find that the cross-notice of appeal filed by defendants on 4 October 1984 supports the trial court's finding that it was not defendants' intention to give notice of appeal at the 24 September 1984 calendar call on their Rule 59 motion. Moreover, we find that defendants admit in the conclusion to their brief that a cross-notice of

appeal was not filed until 4 October 1984, which was two months after the judgment was entered on 26 July 1984. This is beyond the 10 day limit of Rule 3(c), N.C. Rules App. P., because defendants' motion was not pending 4 October 1984 when they filed their purported cross-notice of appeal. Defendants' remaining exceptions, which are noted in the Record on Appeal, pertain to the court's refusal to sign the purported notice of appeal and proposed order dismissing their "pending" motion. The Honorable Judge Ross' refusal to place his signature on the documents submitted by defendants was consistent with his findings which clearly show defendants withdrew their motion and did not timely file a cross-notice of appeal. Failure to give timely notice of appeal in compliance with G.S. 1-279 and Rule 3 of the North Carolina Rules of Appellate Procedure is jurisdictional, and an untimely attempt to appeal must be dismissed. *See Booth v. Utica Mutual Ins. Co.*, 308 N.C. 187, 301 S.E. 2d 98 (1983). The trial court acted correctly in dismissing defendants' attempted appeal.

Affirmed.

Judge WEBB concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

I believe that defendants' remarks at the 24 September 1984 calendar call constituted an oral notice of appeal.