LANDINGHAM PLUMBING AND HEATING OF N.C., INC. v. BARRY FUNNELL; WEHRAN ENERGY OF NORTH CAROLINA, INC.; ANAEROBIC ENERGY RESOURCES, INC.; AND E. T. ENERGIES, INC.

No. 9018SC725

(Filed 7 May 1991)

**Appeal and Error § 206 (NCI4th)— time for appeal—tolling by motion—motion withdrawn**

The trial judge erred by dismissing defendant's appeal under Rule 25 of the North Carolina Rules of Appellate Procedure where the jury returned a verdict against defendant Funnell but not against the corporate defendants; the judgment was signed on 22 December 1989 and filed on 27 December 1989; plaintiff made a motion for a new trial as to the corporate defendants on 2 January 1990 and withdrew the motion on 8 March 1990; defendant Funnell filed written notice of appeal on 23 March 1990; and plaintiff filed a motion to dismiss the appeal on 3 April 1990. In order for the exception to the thirty-day requirement under Rule 3 of the Rules of Appellate Procedure to have any effect, the opposing party's time for appeal is tolled when a party makes a motion enumerated in the rule. If the motion is withdrawn, the opposing party has thirty days from the withdrawal to file an appeal.

**Am Jur 2d, Appeal and Error § 306.**

APPEAL by defendant, Barry Funnell, from order entered 16 May 1990 by *Judge James A. Beaty, Jr.,* in GUILFORD County Superior Court. Heard in the Court of Appeals 11 March 1991.

*Douglas, Ravenel, Hardy, Crihfield & Moseley, by Richard H. Hicks, Jr. and David W. McDonald, for plaintiff-appellee.*

*Smith, Patterson, Follin, Curtis, James, Harkavy & Lawrence, by Norman B. Smith, for defendant-appellant.*

LEWIS, Judge.

This case presents the Court with the primary issue of whether the trial court erred in granting the plaintiff's motion to dismiss the defendant's appeal under Rule 25 of the North Carolina Rules of Appellate Procedure.

**LANDINGHAM PLUMBING AND HEATING v. FUNNELL**

[102 N.C. App. 814 (1991)]

The plaintiff, Landingham Plumbing and Heating of N.C., Inc. instituted an action against Barry Funnell, Wehran Energy of North Carolina, Inc., Anaerobic Energy Resources, Inc., and E.T. Energies, Inc. The complaint alleged that the plaintiff, a mechanical subcontractor, had rendered its services, labor and equipment to the defendants for a methane gas extraction project at a Winston-Salem landfill in 1987. The plaintiff alleged that the defendants owed the plaintiff money on three alternative grounds: account, contract or quantum meruit. The defendants denied liability.

At trial before a jury, the defendants moved for a directed verdict at the close of the plaintiff's evidence. The trial judge allowed the motion as to the account claim, but not as to the contract and quantum meruit claims. On 15 December 1989, the jury returned a verdict against the defendant Funnell for $36,199.59, but did not return a verdict against the corporate defendants. After the verdict, the decision was made in court for the winning attorney to draft the written judgment. The trial judge signed the judgment on 22 December 1989. The judgment was filed on 27 December 1989.

On 2 January 1990, the plaintiff made a motion for a new trial as to the corporate defendants. On 8 March 1990, the plaintiff withdrew its new trial motion. The defendant Funnell filed written notice of appeal from the original judgment on 23 March 1990. On 3 April 1990, the plaintiff filed a motion to dismiss the defendant Funnell's appeal. The trial judge granted the plaintiff's motion based on Rule 25 of the North Carolina Rules of Appellate Procedure. Defendant Funnell appeals the order granting the dismissal.

Rule 25 of the North Carolina Rules of Appellate Procedure allows the trial court to dismiss an appeal if the appellant failed to give notice of appeal within the time allowed by the Appellate Rules. The trial court in this case based his dismissal on the defendant's failure to comply with the requirements of Rule 3(c) of the North Carolina Rules of Appellate Procedure. Rule 3(c) provides:

> Appeal from a judgment or order in a civil action or special proceeding must be taken within 30 days after its entry. The running of the time for filing and serving a notice of appeal in a civil action or special proceeding is tolled as to all parties by a timely motion filed by any party pursuant to the Rules of Civil Procedure enumerated in this subdivision, and the

full time for appeal commences to run and is to be computed from the entry of an order upon any of the following motions:

. . .

(4) a motion under Rule 59 for a new trial.

N.C.R. App. P. 3(c).

The plaintiff argues that *Landin Ltd. v. Sharon Luggage Ltd.*, 78 N.C. App. 558, 337 S.E.2d 685 (1985) is controlling in this case. In *Landin*, after entry of judgment occurred on 26 July 1984, the defendants filed a motion to amend the judgment. The defendants later withdrew their motion to amend the judgment. The defendants argued that Rule 3 of the North Carolina Rules of Appellate Procedure allowed the time required for the defendants to appeal to be tolled until the withdrawal of the motion. The Court of Appeals held that:

> Withdrawal of their motion does not entitle defendants to ten (10) days from their withdrawal to file notice of appeal from the 26 July 1984 judgment. To hold otherwise would thwart the tolling provision of Rule 3(c), N.C. Rules App. P. and circumvent Rule 58, N.C. Rules Civ. P. to wit: to give all interested parties a definite fixed time of *judicial determination* they can point to as the time of entry of judgment.

*Landin Ltd. v. Sharon Luggage Ltd.*, 78 N.C. App. at 564, 337 S.E.2d at 689 (emphasis added). Therefore, in *Landin* the Court of Appeals affirmed the trial court's dismissal of the defendants' appeal for failure to give timely notice of appeal.

We find *Landin* distinguishable from the case at hand. Here, the party who made the motion listed under Rule 3 is not the same party that seeks to make the appeal. In order for the exception to the thirty day requirement under Rule 3 of the Appellate Rules of Procedure to have any effect, when a party makes a motion enumerated in the rule, the opposing party's time for appeal is tolled. If the motion is withdrawn, the *opposing* party has thirty days from the withdrawal to file an appeal. To hold otherwise would be to thwart the tolling provision of Rule 3 and to make the exception unmeaningful, as there would always be the possibility that the party who made the motion could withdraw that motion. Therefore, the trial judge erred in dismissing the defendant's appeal.

Reversed.

Chief Judge HEDRICK and Judge COZORT concur.