HERRING v. BRANCH BANKING AND TRUST CO.

[108 N.C. App. 780 (1993)]

---

WILLIAM MICHAEL HERRING v. BRANCH BANKING & TRUST COMPANY

No. 924SC133

(Filed 2 February 1993)

**Appeal and Error § 14 (NCI4th) — extension of time to file appeal — prohibited — motion in interest of justice denied**

> The Court of Appeals denied plaintiff's request to suspend the Rules of Appellate Procedure under Rule 2 of the Rules of Appellate Procedure so that an untimely filed appeal could be heard. Rule 27(c) of the Rules of Appellate Procedure expressly prohibits the Court from enlarging the time necessary for taking an appeal.

**Am Jur 2d, Appeal and Error § 292.**

Appeal by plaintiff from judgment filed 15 January 1992 by Judge Paul M. Wright in Duplin County Superior Court. Heard in the Court of Appeals 7 January 1993.

On 26 September 1991 the plaintiff, William Michael Herring, filed suit against the defendant, Branch Banking & Trust Company, alleging *inter alia* breach of fiduciary duty, constructive fraud, violation of fair trade laws, and damages for infliction of emotional and mental distress. On 18 November 1991 the trial court granted the defendant's motion for summary judgment, dismissed the action with prejudice and taxed the plaintiff with costs. On 19 December 1991 the plaintiff filed notice of appeal. On 15 January 1992 the

HERRING v. BRANCH BANKING AND TRUST CO.

[108 N.C. App. 780 (1993)]

trial court dismissed the plaintiff's appeal as having been untimely filed.

Plaintiff appeals from the order dismissing his appeal.

*Bruce H. Robinson, Jr. for the plaintiff-appellant.*

*Dees, Smith, Powell, Jarrett, Dees & Jones, by Tommy W. Jarrett, for the defendant-appellee.*

EAGLES, Judge.

Plaintiff argues that Judge Wright's 15 January 1992 order dismissing plaintiff's appeal from the 18 November 1991 judgment for failure to timely file notice of appeal should be reversed. We disagree and affirm.

"Rule 25 of the North Carolina Rules of Appellate Procedure allows the trial court to dismiss an appeal if the appellant failed to give notice of appeal within the time allowed by the Appellate Rules." *Landingham Plumbing and Heating of N.C., Inc. v. Funnell,* 102 N.C. App. 814, 815, 403 S.E.2d 604 (1991).

N.C.R. App. P. 3 provides in part:

(a) **Filing the Notice of Appeal.** Any party entitled by law to appeal from a judgment or order of a superior or district court rendered in a civil action or special proceeding may take appeal by filing notice of appeal with the clerk of superior court and serving copies thereof upon all other parties within the time prescribed by subdivision (c) of this rule.

* * *

(c) **Time for Taking Appeal.** Appeal from a judgment or order in a civil action or special proceeding must be taken within 30 days after its entry.

"Appellate Rule 3 is jurisdictional and if the requirements of this rule are not complied with, the appeal must be dismissed." *Currin-Dillehay Bldg. Supply, Inc. v. Frazier,* 100 N.C. App. 188, 189, 394 S.E.2d 683, *disc. review denied,* 327 N.C. 633, 399 S.E.2d 326 (1990) (citation omitted).

Here, the trial court entered an order dismissing the plaintiff's appeal because the plaintiff's notice of appeal was untimely filed. The plaintiff admits in his brief that he did not properly file notice

of appeal. However, plaintiff requests this court to suspend the rules pursuant to our powers under N.C.R. App. P. 2. Plaintiff's request overlooks the mandate of Rule 2 and Rule 27(c).

Rule 2 provides:

> To prevent manifest injustice to a party, or to expedite decision in the public interest, either court of the appellate division may, *except as otherwise expressly provided by these rules*, suspend or vary the requirements or provisions of any of these rules in a case pending before it upon application of a party or upon its own initiative, and may order proceedings in accordance with its directions.

(Emphasis ours).

Rule 27 provides:

> **(c) Extensions of Time; By Which Court Granted.** Except as herein provided, courts for good cause shown may upon motion extend any of the times prescribed by these rules or by order of court for doing any act required or allowed under these rules; or may permit an act to be done after the expiration of such time. *Courts may not extend the time for taking an appeal or for filing a petition for discretionary review or a petition for rehearing prescribed by these rules or by law.*

(Emphasis ours).

Because Rule 27(c) expressly prohibits this Court from enlarging the time necessary for taking an appeal, we must deny plaintiff's request to vary the rules. *Cf. Giannitrapani v. Duke University*, 30 N.C. App. 667, 670, 228 S.E.2d 46, 48 (1976).

Finally, we note that the plaintiff has filed a petition for a writ of *certiorari*. After carefully examining the substance of the underlying appeal, we find it to be without merit. Accordingly, the petition for writ of *certiorari* is denied.

Affirmed.

Judges ORR and WYNN concur.