BARRINGER & GAITHER, INC. v. E. M. WHITTENTON, INDIVIDUALLY, AND E. M. WHITTENTON, TDBA WHIT-TRUCK BROKERS, INC.

No. 7425DC357

(Filed 3 July 1974)

1. **Rules of Civil Procedure § 58— signing of judgment — filing by clerk**
   When a trial judge signs a judgment not rendered in open court, he is not required also to prepare a separate order directing the clerk to file the judgment which he has signed, since Rule 58 does not apply when the judge prepares and signs the judgment.

2. **Rules of Civil Procedure § 58— entry of judgment — sufficiency of notice**
   The objective of Rule 58 that fair notice be given to all parties of entry of judgment was achieved in this case where counsel for plaintiff filed the judgment signed by the trial judge with the clerk and simultaneously filed a certificate of service certifying that service of judgment had been made upon defendants by mailing a true copy of same.

APPEAL by defendants from *Duncan, District Court Judge,* 26 November 1973 Session of District Court held in CATAWBA County. Heard in the Court of Appeals on 11 June 1974.

This is an action wherein plaintiff sought to recover against defendants jointly and severally for materials and labor furnished by plaintiff to defendants. The defendants denied liability.

Following presentation of the evidence at a non-jury session of District Court held in Catawba County on 11 October 1971, Judge Sigmon requested that briefs be filed by plaintiff and defendants. Judgment was rendered for the plaintiff by the trial court and signed on 28 February 1973, sixteen months later. The judgment was filed in the office of the Clerk of Superior Court of Catawba County by counsel for the plaintiff, along with a certificate of service certifying that service of the judgment had been made upon defendants by mailing a true copy of same by mail.

A notice of appeal was given by defendants on 19 March 1973, but was later abandoned and the appeal dismissed. On 30 April 1973, defendants filed a motion in the cause that the judgment entered be declared null and void. A hearing was held on defendants' motion before Judge Duncan on 26 November 1973, and an order was entered denying the motion.

Defendants appealed to this Court.

*Butner & Gaither, by James M. Gaither, Jr., for the plaintiff.*

*Bryan, Jones, Johnson, Hunter & Greene, by Robert C. Bryan for the defendants.*

BROCK, Chief Judge.

Defendants contend the purported judgment is void because a separate order was not entered directing the clerk to file Judge Sigmon's judgment and because no notice of the filing was given to defendants by the clerk.

[1] It would seem that defendants are contending that not only must a trial judge sign a judgment when not rendered in open court, but he must also prepare a separate order directing the clerk to file the judgment which he has signed. In our view, the signing of a judgment by the trial judge requires no further directive. It is the clerk's duty to file such judgment. The third paragraph of Rule 58, relied upon by plaintiff, applies to instances where the trial judge directs the clerk to prepare and file judgment. It is inapplicable when the trial judge prepares and signs the judgment.

[2] The record discloses that the trial court made findings of fact and concluded as a matter of law that plaintiff was entitled to the amount prayed for less a set-off for improperly installed equipment. The judgment was signed by the trial judge and filed by counsel for the plaintiff with the clerk. Simultaneously, counsel for the plaintiff filed a certificate of service certifying that service of the judgment had been made upon defendants by mailing a true copy of the same. The defendants do not deny the receipt of the copy of judgment.

Rule 58 is designed to achieve the objectives of (1) making the moment of the entry of judgment easily identifiable, and (2) furnishing fair notice to all parties of the entry of the judgment. These objectives were clearly achieved by the actions of counsel for the plaintiff.

For the reasons stated, the judgment was properly entered, and effective notice of the filing of the judgment was afforded to defendants by the mailing to counsel of a true copy of the judgment. In the absence of a finding of any prejudice to de-

fendants, the order denying defendants' motion to vacate the judgment is

Affirmed.

Judges BRITT and BALEY concur.