BILLY RAY BOOTH v. UTICA MUTUAL INSURANCE COMPANY

No. 659PA82

(Filed 5 April 1983)

**Appeal and Error § 14— failure to give timely notice of appeal—dismissal of appeal**

Plaintiff's purported appeal is dismissed where the record shows that plaintiff neither gave oral notice of appeal in open court nor filed and served written notice of appeal within ten days of the entry of the judgment from which he attempts to appeal. G.S. 1-279; App. Rule 3.

Justice MITCHELL took no part in the consideration or decision of this case.

ON certiorari to review the order of the Court of Appeals filed 18 November 1982 dismissing plaintiff appellant's appeal from a judgment of *Albright, J.,* entered at the 21 June 1982 Civil Session of Superior Court, FORSYTH County, granting summary judgment for the defendant.

This civil action was instituted on 16 October 1981 by the plaintiff against Utica Mutual Insurance Company to recover from said insurance company on the basis of a default judgment previously entered in a separate lawsuit by the plaintiff against Steven E. Davis, d/b/a Archdale Insurance Agency, for failure to

procure insurance. In the earlier action against Davis the alleged act of negligence on the part of Davis, who was holding himself out to the public as an insurance agent, was his receipt of $206.00 of plaintiff's money to procure collision insurance on plaintiff's truck and his failure to procure the insurance. Plaintiff's truck was subsequently totally demolished in an accident.

The complaint in the action *sub judice* alleged that Steven E. Davis was an insured of Utica Mutual under an errors and omission policy; that plaintiff was a third party beneficiary of the policy; and that Utica Mutual was, therefore, liable for the earlier default judgment against Davis. Utica Mutual answered the complaint in the action *sub judice* and raised as defenses numerous breaches by the insured, Davis, of the mandatory policy provisions. Following discovery by each side, defendant moved for summary judgment. By judgment dated 22 June 1982, Judge Albright allowed Utica Mutual's motion for summary judgment. Plaintiff gave no oral notice of appeal in open court and never filed a formal "notice of appeal." Plaintiff did file appeal entries on 23 June 1982, one day after entry of judgment. The document entitled "appeal entries" provided in pertinent part as follows:

> To the granting of defendant's motion and to the dismissal of plaintiff's action, plaintiff excepts and appeals to the Court of Appeals of North Carolina for errors assigned and to be assigned.

The document entitled "appeal entries" was not served on defendant's attorney until 17 August 1982, almost two months after entry of judgment, and then only as a part of the Proposed Record on Appeal. Subsequently Utica Mutual moved before the Court of Appeals to dismiss the appeal on the ground that the plaintiff had failed to give timely notice of appeal. The Court of Appeals allowed Utica Mutual's motion to dismiss on 18 November 1982. Plaintiff petitioned this Court for certiorari on 29 November 1982 and this Court's writ of certiorari was granted on 11 January 1983 to review the order of the Court of Appeals dismissing plaintiff's appeal.

*William M. Speaks, Jr., Attorney for plaintiff-appellant.*

*Womble, Carlyle, Sandridge & Rice, by William C. Raper and S. Fraley Bost, Attorneys for defendant-appellee.*

PER CURIAM.

The order of the Court of Appeals dismissing the plaintiff's appeal dealt solely with a procedural issue, *i.e.*, whether the plaintiff properly gave notice of appeal. The Court of Appeals has never considered the substantive issue raised in the plaintiff's brief before that court concerning the granting of the motion of defendant-appellee for summary judgment nor do we. The only issue presented before this Court is the propriety of the Court of Appeals' order dismissing plaintiff-appellant's appeal. The record on appeal clearly shows that the plaintiff-appellant failed to give timely notice of appeal. Failure to give timely notice of appeal in compliance with G.S. 1-279 and Rule 3 of the North Carolina Rules of Appellate Procedure is jurisdictional, and an untimely attempt to appeal must be dismissed. *Oliver v. Williams*, 266 N.C. 601, 146 S.E. 2d 648 (1966); *Teague v. Teague*, 266 N.C. 320, 146 S.E. 2d 87 (1966); *Walter Corporation v. Gilliam*, 260 N.C. 211, 132 S.E. 2d 313 (1963); *Aycock v. Richardson*, 247 N.C. 233, 100 S.E. 2d 379 (1957). The plaintiff here neither gave oral notice of appeal in open court nor filed and served written notice of appeal within ten days of the entry of the Judgment. Thus, the Court of Appeals acted correctly in dismissing the purported appeal.

Affirmed.

Justice MITCHELL took no part in the consideration or decision of this case.