L. HARVEY AND SON COMPANY T/A SEVEN SPRINGS SUPPLY CO. v.
JUANITA SHIVAR

No. 868SC450

(Filed 6 January 1987)

**Appeal and Error § 14— clerk's notation in minutes of court—entry of judgment— notice of appeal not timely**

Defendant's appeal from an order denying her relief from a judgment on a note was not timely where the trial judge rendered his decision in open court on 20 November 1985 and directed plaintiff's counsel to prepare the written order; the clerk made a notation of such action in the minutes of the court; there was no indication in the record that defendant gave oral notice of appeal

at the time the order was entered; and defendant filed and served her written notice of appeal on 9 December 1985, 19 days after entry of the order. N.C.G.S. § 1A-1, Rule 58, N.C.G.S. § 1-279(c), N. C. Rules of App. Procedure, Rule 3(c).

APPEAL by defendant from *Brown, Frank R., Judge*. Judgment entered 20 November 1985 in WAYNE County Superior Court. Heard in the Court of Appeals 10 November 1986.

Plaintiff brought this action to recover monies due under the terms of a promissory note. Defendant answered, admitting that she had executed the note. Plaintiff moved for summary judgment, and on 29 April 1985 the motion was allowed and judgment was entered against defendant in the sum of $20,000.00 plus interest, costs and $1,500.00 attorney's fees. Defendant did not appeal.

On 28 August 1985, defendant moved, pursuant to G.S. 1A-1, Rule 60(b), for relief from the judgment. The motion was heard at the 18 November 1985 civil session of the Superior Court of Wayne County. From an order denying her motion for relief from the judgment, defendant appeals.

*Cecil P. Merritt for plaintiff appellee.*

*R. Michael Bruce for defendant appellant.*

MARTIN, Judge.

One of defendant's contentions on appeal is that the order appealed from is invalid because it was entered after the expiration of the session of court at which the motion was heard. However, the record on appeal, as originally filed in this Court, was insufficient to enable us to resolve the issue. Therefore, pursuant to App. R. 9(b)(5), we ordered that the minutes of the 18 November 1985 civil session of the Superior Court of Wayne County be sent up and made a part of the record on appeal in this case. The minutes reflect that the trial judge rendered his decision in open court on 20 November 1985 and directed that plaintiff's counsel prepare the written order. The clerk made a notation of such action in the minutes of the court. Such a notation constitutes entry of judgment for the purposes of determining when notice of appeal must be given. G.S. 1A-1, Rule 58; *In re Moore*, 306 N.C. 394,

293 S.E. 2d 127 (1982), *appeal dismissed,* 459 U.S. 1139, 74 L.Ed. 2d 987, 103 S.Ct. 776 (1983).

There is no indication in the record that defendant gave oral notice of appeal at the time the order was entered. She filed and served her written notice of appeal on 9 December 1985, 19 days after "entry" of the order. G.S. 1-279(c) and App. R. 3(c) require that appeal from a judgment or order must be taken within ten days after its entry. "Failure to give timely notice of appeal in compliance with G.S. 1-279 and Rule 3 of the North Carolina Rules of Appellate Procedure is jurisdictional, and an untimely attempt to appeal must be dismissed." *Booth v. Utica Mutual Ins. Co.,* 308 N.C. 187, 189, 301 S.E. 2d 98, 99-100 (1983). Therefore, we are without jurisdiction to consider the merits of defendant's appeal and must order that the appeal be dismissed.

Appeal dismissed.

Chief Judge HEDRICK and Judge COZORT concur.