BHAGU PATEL v. MID SOUTHWEST ELECTRIC

———

MID SOUTHWEST ELECTRIC v. BHAGU PATEL

No. 8728SC572

(Filed 15 December 1987)

**Appeal and Error § 14— contract action—appeal more than ten days from denial of motion for j.n.o.v.—untimely**

> Notice of appeal was not timely given, and the court had no jurisdiction to consider the appeal, where the court directed a verdict as to the existence of a contract and awarded Mid Southwest Electric $5,000.00, the jury on 29 January 1987 returned a verdict for $19,495.29 based on modification to the contract, Patel's motion for j.n.o.v. or for a new trial was denied in open court on 30 January, no oral notice of appeal was given, the order denying Patel's motion was not signed until 9 February, notice of appeal was given on 18 February, and the judgment was signed on 19 February. Entry of judgment was on 29 January, when the jury returned its verdict, defendant's motions tolled the ten-day period for giving notice of appeal until 30 January, and it was necessary to give notice of appeal within ten days of 30 January. N.C.G.S. § 1A-1, Rule 58, N.C.G.S. § 1-279(c).

APPEAL by defendant Bhagu Patel from *Lewis (Robert D.), Judge.* Judgment entered 30 January 1987 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 2 December 1987.

This is a civil action wherein Mid Southwest Electric filed a complaint against Bhagu Patel based upon a contract. Patel then filed a counterclaim against Mid Southwest for damages based upon the same contract.

The court directed a verdict as to the existence of a contract and awarded Mid Southwest $5,000.00. The jury, on 29 January 1987, further awarded Mid Southwest an additional $19,495.29

based on modifications of the contract. Patel moved for judgment notwithstanding the verdict, or in the alternative for a new trial. The motion was denied in open court on 30 January 1987. No oral notice of appeal was given. Patel filed a written notice of appeal on 18 February 1987.

*Pope, McMillan, Gourley, Kutteh & Parker, by David P. Parker, for appellee Mid Southwest Electric.*

*Morris, Golding, Phillips & Cloninger, by Thomas R. Bell, Jr., for appellant Bhagu Patel.*

HEDRICK, Chief Judge.

The jury in this case returned its verdict on 29 January 1987. The court denied Patel's motion for judgment notwithstanding the verdict and in the alternative for a new trial on 30 January 1987. Although the judgment was not signed until 19 February 1987 and the order denying Patel's motion was not signed until 9 February 1987, the notice of appeal on 18 February 1987 was not timely and this Court has no jurisdiction.

G.S. 1-279(c) provides for time for taking appeal in a civil proceeding:

> (c) Time When Taken by Written Notice.—If not taken by oral notice as provided in subsection (a)(1), appeal from a judgment or order in a civil action or special proceeding must be taken within 10 days after its entry. The running of the time for filing and serving a notice of appeal in a civil action or special proceeding is tolled as to all parties by a timely motion filed by any party pursuant to the Rules of Civil Procedure enumerated in this subsection, and the full time for appeal commences to run and is to be computed from the entry of an order upon any of the following motions: (i) a motion under G.S. 1A-1, Rule 50(b), for judgment n.o.v. whether or not with conditional grant or denial of new trial; (ii) a motion under G.S. 1A-1, Rule 52(b), to amend or make additional findings of fact, whether or not an alternation of the judgment would be required if the motion is granted; (iii) a motion under G.S. 1A-1, Rule 59, to alter or amend a judgment; (iv) a motion under G.S. 1A-1, Rule 59, for a new trial. If a timely notice of appeal is filed and served by a party, any other par-

ty may file and serve a notice of appeal within 10 days after the first notice of appeal was served on such party.

Entry of judgment in this case was when the jury returned its verdict. The date of entry does not depend on the date of formal signing or filing, but instead depends upon the date when oral notice of the judgment is given in open court. *In re Moore*, 306 N.C. 394, 293 S.E. 2d 127 (1982); *Byrd v. Byrd*, 51 N.C. App. 707, 277 S.E. 2d 472 (1981).

This is provided in G.S. 1A-1, Rule 58 which provides in part:

Subject to the provisions of Rule 54(b): Upon a jury verdict that a party shall recover only a sum certain or costs or that all relief shall be denied or upon a decision by the judge in open court to like effect, the clerk, in the absence of any contrary direction by the judge, shall make a notation in his minutes of such verdict or decision and such notation shall constitute the entry of judgment for the purposes of these rules. The clerk shall forthwith prepare, sign, and file the judgment without awaiting any direction by the judge.

Entry of judgment, therefore, was on 29 January 1987, when the jury returned its verdict.

Because G.S. 1-279(c) provides for the 10-day period to be tolled when certain motions are made, the entry of judgment in this case does not begin the running of the 10-day period for giving notice of appeal. A motion for judgment notwithstanding the verdict or for a new trial, as was made in this case, tolls the period until the court rules on such motions. Here, the denial of the motion was announced in open court on 30 January 1987, and it was therefore necessary for Patel to give notice of appeal to this Court within 10 days of 30 January 1987, which he did not do, and the record affirmatively discloses that this Court has no jurisdiction to consider Patel's appeal.

Appeal dismissed.

Judges MARTIN and GREENE concur.