DANIEL STACHLOWSKI v. CAROL STACH

No. 899DC887

(Filed 5 June 1990)

**Appeal and Error § 205 (NCI4th)— notice of appeal—not timely**

Plaintiff failed to give timely notice of appeal and the merits of his contention were not considered where a district court judge held in open court on 17 January 1989 that he was giving a Washington State child custody order full faith and credit and that he would not modify the custody arrangement; that announcement constituted entry of the court's order for the purposes of determining when notice of appeal had to be given; it was necessary for plaintiff to give notice of appeal within 10 days after 17 January 1989; and plaintiff did not give notice until 6 April 1989.

**Am Jur 2d, Appeal and Error § 316.**

Judge PARKER dissenting.

STACHLOWSKI v. STACH

[98 N.C. App. 668 (1990)]

APPEAL by plaintiff from *Wilkinson (Charles W., Jr.), Judge.* Order entered 17 January 1989 in District Court, PERSON County. Heard in the Court of Appeals 2 April 1990.

In this civil action, plaintiff seeks modification of a Washington State order giving defendant custody of the parties' two minor children. On 17 January 1989, the district judge entered an order in open court giving the Washington State order full faith and credit in North Carolina. He then ruled that there was no change in circumstances sufficient to justify changing the custody arrangement. Plaintiff appealed.

*John W. Lunsford for plaintiff, appellant.*

*Nancy McKenzie Kizer and J. Kevin Moore for defendant, appellee.*

HEDRICK, Chief Judge.

Plaintiff argues on appeal that the district judge abused his discretion by failing to modify the Washington State custody order because of "substantial and material changes in circumstances" affecting the welfare of the children. We do not even consider the merits of this contention, however, because plaintiff failed to give timely notice of appeal from the district judge's order as required by G.S. 1-279 and Rule 3 of the North Carolina Rules of Appellate Procedure.

G.S. 1-279(c) and Appellate Rule 3(c) clearly provide that written notice of appeal from a judgment or order of a superior or district court must be given within 10 days of entry of said judgment or order. Failure to do so is a jurisdictional flaw which requires dismissal of the appeal. *Booth v. Utica Mutual Ins. Co.,* 308 N.C. 187, 301 S.E.2d 98 (1983). Furthermore, the date of entry of judgment "does not depend on the date of formal signing or filing, but instead depends upon the date when oral notice of the judgment is given in open court." *Patel v. Mid Southwest Electric,* 88 N.C. App. 146, 148, 362 S.E.2d 577, 578 (1987), *disc. rev. denied,* 322 N.C. 326, 368 S.E.2d 868 (1988) (citations omitted).

In the present case, the district judge announced in open court on 17 January 1989 that he was giving the Washington State order full faith and credit and that he would not modify the custody arrangement. That announcement constituted entry of the court's order for the purpose of determining when notice of appeal had

to be given. It was therefore necessary for plaintiff to give notice of appeal within 10 days after 17 January 1989. Because he did not give notice until 6 April 1989, this Court has no jurisdiction to consider plaintiff's appeal.

Appeal dismissed.

Judge COZORT concurs.

Judge PARKER dissents.

Judge PARKER dissenting.

I respectfully dissent for the reason that in my opinion the order was not entered on 17 January 1989. The transcript reflects that at the hearing on that date, the trial judge made the following statement:

Well, I think the first thing the Court will do is give the Washington Order the full faith and credit it deserves and once doing that I see no change in circumstances to change the custody of the child. You may have some point that maybe the girl is spending too much time with her aunt. I don't know but I'm going to let the mother keep custody of both the children. As to the visitation, do y'all need me to set something?

Then followed a discussion among the court and counsel about visitation rights which ultimately ended with counsel for defendant agreeing to draw the order when the parties had agreed on visitation. The written order that was entered on 6 April 1989 contained 29 numbered findings of fact and four conclusions of law. None of these findings or conclusions other than that there had been no change in circumstances and that the Washington order should be given full faith and credit were made at the 17 January 1989 hearing. Conclusions of law must be based on findings of fact supported by competent evidence. In this case no findings of fact to support the conclusions of law were made at the 17 January hearing. At most, all the trial judge did was to indicate how he would rule so that the attorney for the prevailing party could draw the order.

STACHLOWSKI v. STACH

[98 N.C. App. 668 (1990)]

In my view, what occurred at the hearing on 17 January was not covered by either paragraph one or two of G.S. 1A-1, Rule 58. Paragraph one states:

> [T]he clerk, in the absence of any contrary direction by the judge, shall make a notation in his minutes of such verdict or decision and such notation shall constitute the entry of judgment for the purposes of these rules. The clerk shall forthwith prepare, sign, and file the judgment without awaiting any direction by the judge.

In the present case, the judge made a contrary direction—he directed the lawyer for the prevailing party to draw the order. Furthermore, paragraph one clearly contemplates a situation where entry of a proper order or judgment by the clerk without further action by the judge can be accomplished. In this case since the trial judge gave no indication as to his findings of fact in open court, the clerk could not possibly have entered a proper order.

Similarly, paragraph two is inapplicable. Paragraph two of Rule 58 provides:

> In other cases where judgment is rendered in open court, the clerk shall make a notation in his minutes as the judge may direct and such notation shall constitute the entry of judgment for the purposes of these rules.

In the present case, nothing in the record suggests that the judge directed the clerk to make a notation in the minutes.

As this Court noted in *Barringer & Gaither, Inc. v. Whittenton*, 22 N.C. App. 316, 206 S.E.2d 301 (1974):

> Rule 58 is designed to achieve the objectives of (1) making the moment of the entry of judgment easily identifiable, and (2) furnishing fair notice to all parties of the entry of the judgment.

*Id.* at 317, 206 S.E.2d at 302. The case presently before the Court for review is just another of many illustrative of the fact that these worthy objectives are not being accomplished by the application of Rule 58.