BUNTING v. BUNTING

[100 N.C. App. 294 (1990)]

---

SUZANNE P. BUNTING, PLAINTIFF v. BOYD G. BUNTING, DEFENDANT

No. 9022DC20

(Filed 18 September 1990)

**Appeal and Error § 205 (NCI4th)— notice of appeal—not timely**

An appeal was dismissed where the trial judge conducted a hearing on 18 September 1989; announced in open court what his order would be; directed counsel to prepare a formal order and signed and entered the formal order on the same day; the order signed and entered on 18 September was filed in the Office of the Clerk on 2 November; and defendant gave notice of appeal on 9 November. N.C.G.S. § 1-279.1 and Rule 3(c) of the North Carolina Rules of Appellate Procedure provide that a party must give notice of appeal from a judgment or order within 30 days after its entry; the record affirmatively demonstrates that defendant did not give notice of appeal within 30 days after the entry of the order on 18 September. Inasmuch as the trial judge announced his order in open court and directed counsel to prepare the formal order which he signed and entered on the same day and at the same session of court, N.C.G.S. § 1A-1, Rule 58, paragraph three has no application.

**Am Jur 2d, Appeal and Error §§ 296, 302.**

Judge GREENE dissenting.

APPEAL by defendant from *Fuller, Judge.* Judgment entered 18 September 1989 in District Court held in IREDELL County. Heard in the Court of Appeals 27 August 1990.

*Benbow and Phillips, by C. David Benbow, for plaintiff, appellee.*

*Rudisill & Brackett, P.A., by Curtis R. Sharpe, Jr., for defendant, appellant.*

HEDRICK, Chief Judge.

On 18 September 1989, Judge Fuller conducted a hearing, announced in open court what his order would be, and directed counsel to prepare the formal order. At the same session of court, on the same day, he signed and *entered* the formal order from which defendant purports to appeal. The record also discloses that on the same date, defendant requested the court reporter to prepare and deliver to defendant's counsel a copy of the transcript of the proceedings. The order entered and signed by Judge Fuller on 18 September 1989 was "filed" in the Office of the Clerk on 2 November 1989. Defendant, on 9 November 1989, gave notice of appeal "to the North Carolina Court of Appeals from the findings, conclusions, order and *entry of order* by the Honorable George T. Fuller, District Court Judge, filed in the Office of the Clerk of Superior Court of Iredell County on November 2, 1989" (emphasis added).

G.S. 1-279.1 and Rule 3(c) of the North Carolina Rules of Appellate Procedure provide that a party must give notice of appeal from a judgment or order "within 30 days after its entry." The appellate court obtains no jurisdiction if the appealing party fails to give notice of appeal within the time prescribed by the statute or rule. *See Gualtieri v. Burleson*, 84 N.C. App. 650, 353 S.E.2d 652, *disc. review denied*, 320 N.C. 168, 358 S.E.2d 50 (1987). In the present case, the record affirmatively demonstrates defendant did not give notice of appeal "within 30 days" after the entry of the order on 18 September 1989, and thus, we have no jurisdiction to hear the appeal. Inasmuch as Judge Fuller announced his order in open court and directed counsel to prepare the formal order which the judge signed and entered on the same day, at the same session of court, G.S. 1A-1, Rule 58, paragraph three has no application in this case.

Appeal dismissed.

Judge ARNOLD concurs.

Judge GREENE dissents.

BUNTING v. BUNTING

[100 N.C. App. 294 (1990)]

Judge GREENE dissenting.

I

I disagree with the majority's conclusion that the defendant's appeal must be dismissed because defendant failed to file a timely notice of appeal. The majority premises its conclusion upon what I believe to be an incorrect determination that entry of the trial court's order occurred on 18 September 1989, the date the order was allegedly signed by the judge. "[T]he date of entry of judgment 'does not depend on the date of formal signing . . . .'" *Stachlowski v. Stach*, 98 N.C. App. 668, 669, 391 S.E.2d 849, 850 (1990). Instead, the date of entry is determined by Rule 58 of our Rules of Civil Procedure.

N.C.G.S. § 1A-1, Rule 58 provides:

Subject to the provisions of Rule 54(b): Upon a jury verdict that a party shall recover only a sum certain or costs or that all relief shall be denied or upon a decision by the judge in open court to like effect, the clerk, in the absence of any contrary direction by the judge, shall make a notation in his minutes of such verdict or decision and such notation shall constitute the entry of judgment for the purposes of these rules. The clerk shall forthwith prepare, sign, and file the judgment without awaiting any direction by the judge.

In other cases where judgment is rendered in open court, the clerk shall make a notation in his minutes as the judge may direct and such notation shall constitute the entry of judgment for the purposes of these rules. The judge shall approve the form of the judgment and direct its prompt preparation and filing.

In cases where judgment is not rendered in open court, entry of judgment for the purposes of these rules shall be deemed complete when an order for the entry of judgment is received by the clerk from the judge, the judgment is filed and the clerk mails notice of its filing to all parties. The clerk's notation on the judgment of the time of mailing shall be prima facie evidence of mailing and the time thereof.

Here, the first paragraph of Rule 58 does not control a determination of when entry of order occurred because recovery was not for "only a sum certain or costs." The second paragraph of

Rule 58 does not control this case because the record does not reflect that the trial judge directed the clerk to make a notation in the minutes. When the trial judge fails to direct the clerk to make a notation in the minutes of the verdict or decision, then "under the second paragraph of Rule 58, the judgment was not entered in open court . . . ." *Morris v. Bailey,* 86 N.C. App. 378, 388, 358 S.E.2d 120, 126 (1987). When the first two paragraphs do not resolve the issue, entry of order is determined by paragraph three.

When an order is not entered in open court, three separate events must occur before entry of order will be deemed complete. N.C.G.S. § 1A-1, Rule 58. First, the clerk must receive an order from the trial judge for the entry of the order. Second, the order must be filed. Third, the clerk must mail notice of the order's filing to all parties. Here, the record does not reflect whether the clerk mailed the required notice to all of the parties, and therefore we cannot, without speculation, determine whether all of the formal requirements of entry of order occurred. However, in this case, based on the fact that the defendant filed notice of appeal on 13 November 1989, it is clear that the defendant had notice at some point between 2 November 1989 and 13 November 1989 of the filing of the order. Accordingly, the order was entered at some point between the date of the filing of the order and the date of the notice of appeal. The fact that the record does not reveal the precise time of notice is immaterial. The defendant's notice of appeal is well within the 30-day limitation period of Appellate Rule 3(c), as the earliest the order could have been entered was 2 November 1989, the date of the filing of the order. Accordingly, I address the merits of this appeal.

II

The defendant appeals from an order entered 2 November 1989 which increased both the amount and duration of the defendant's child support obligation.

The facts relevant to this appeal are as follows: Suzanne Bunting (plaintiff) and Boyd Bunting (defendant) were married on 20 September 1969, they separated on or about 3 June 1978, and they were divorced on 24 July 1979. During their marriage, they had two children, Jacqueline Bunting and Jeffrey Bunting (Jeffrey). On the date of their separation, the parties entered into a separation agreement under which the defendant agreed to pay child

support for both children to the plaintiff in the total amount of $300.00 per month. On 20 November 1979, the plaintiff brought an action in the Iredell County District Court seeking modification of the defendant's child support obligation. On 12 February 1980, the trial court entered its order which increased the defendant's child support obligation to $375.00 per month. On 26 March 1981, the trial court again modified its prior order by increasing the amount of the defendant's child support obligation to $400.00 per month. On 15 May 1989, the plaintiff filed both a motion requesting that the defendant be held in contempt and a motion to increase child support. At this time, as the defendant's daughter was eighteen years of age, the defendant had stopped making child support payments with regard to her. The defendant was only paying $200.00 per month in child support to the plaintiff for their sixteen-year-old son, Jeffrey. When the matter came on for hearing before the trial court, the parties informed the court that they had agreed to dismiss the contempt motion, and that the only matter for the district court to decide was whether to increase the defendant's child support obligation for Jeffrey.

After hearing the evidence, the trial court made findings of fact. Based upon these findings of fact, the trial court concluded that "[t]here has been a substantial and material change of circumstances since the entry of the last Order justifying an increase in child support." The trial court then ordered, among other things, the defendant to pay $800.00 per month in child support for Jeffrey, $400.00 to be paid on the first day of each month and $400.00 to be paid on the fifteenth day.

The issue presented for review is whether the plaintiff produced evidence of her actual past expenditures for her son sufficient to support the trial court's conclusion that a change in circumstances had occurred.

By statute, a child support order "may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party . . . ." N.C.G.S. § 50-13.7 (1987). The party seeking modification of the order has the burden of showing that circumstances have changed which affect the welfare of the child. *Daniels v. Hatcher*, 46 N.C. App. 481, 484, 265 S.E.2d 429, 432, *disc. rev. denied*, 301 N.C. 87 (1980). In deciding whether there has been a change in circumstances, the trial court

BUNTING v. BUNTING

[100 N.C. App. 294 (1990)]

must determine the present reasonable needs of the subject minor child . . . To properly determine the child's present reasonable needs, the trial court must hear evidence and make findings of specific fact on the actual past expenditures for the minor child, the present reasonable expenses of the minor child, and the parties' relative abilities to pay. . . . *The evidence of actual past expenditures is essential to the trial court's proper determination of the child's present reasonable needs.*

*Norton v. Norton,* 76 N.C. App. 213, 216, 332 S.E.2d 724, 727 (1985) (emphasis added). If a trial court orders modification of a prior child support order when the movant has failed to produce evidence of actual past expenditures, the trial court's order will be reversed on appeal. *Norton.*

My review of the record in this case reveals no evidence of the actual past expenditures for Jeffrey. The plaintiff argues that she testified as to her actual past expenditures for Jeffrey, and that these expenditures are disclosed in her affidavit as well. I first note that my review of the record shows that the plaintiff failed to introduce her affidavit into evidence. Second, the testimony to which the plaintiff directs this Court is as follows:

Q. Would you say that the expenses that you have shown on your Affidavit, that they would be equal for one of the two children, that is, that—for example, you have food at home—$280.00. The food for Jeff would be 140 and for Jackie would be 140?

A. Yes.

Q. And would that be true for each of the other expenses for the children?

A. Yes.

Q. All right. So we could go through the column that's listed children, and divide that by two, and that would be a fair statement of your expenses for Jeff?

A. Right.

This testimony does not establish the plaintiff's actual past expenditures for Jeffrey, rather it demonstrates what her present food expenses were at the time of trial with regard to her two children. Because the plaintiff failed to provide the trial court with evidence

of her actual past expenditures for Jeffrey, the trial court did not have before it the essential evidence it needed to determine properly Jeffrey's present reasonable needs, and thus the plaintiff failed to meet her burden of proving a change in circumstances. *Mullen v. Mullen,* 79 N.C. App. 627, 631, 339 S.E.2d 838, 841 (1986). Therefore, since the trial court's conclusion of law on changed circumstances is not supported by the evidence, I would reverse the trial court's order.