DANIEL STACHLOWSKI v. CAROL STACH

No. 286A90

(Filed 7 March 1991)

**Rules of Civil Procedure § 58 (NCI3d)— entry of judgment— adoption of proposed order and findings**

Plaintiff's written notice of appeal on 6 April 1989 in a child custody action was timely where entry of judgment occurred on 6 April 1989, the date the court adopted the proposed order and findings submitted by the prevailing party, rather than on 17 January 1989, when the court merely announced in open court its decision regarding custody. The language of N.C.G.S. § 1A-1, Rule 58 clearly establishes that entry of judgment occurs when the clerk makes a notation in the minutes; in cases where the procedures used do not fit within the express provisions of the rule or where there is no evidence to indicate when or whether such notation was made, the spirit and purpose of the rule should determine when entry of judgment occurs. Relevant factors in this analysis are: (1) an easily identifiable point at which entry occurred, such that (2) the parties have fair notice of the court's judgment and the time thereof, and that (3) the matters for adjudication have been finally and completely resolved so that the case is suitable for appellate review. Here, the 17 January announcement of the custody decision was not an easily identifiable point for determining that the court had entered rather than rendered judgment because there were required findings yet to be made and visitation was yet to be determined. The parties thus did not have fair notice that the time for taking an appeal had commenced and, furthermore, because visitation rights remained at issue, all matters for adjudication had not been resolved finally and completely.

**Am Jur 2d, Appeal and Error §§ 69, 301; Judgments §§ 161, 163-165.**

APPEAL by plaintiff pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 98 N.C. App. 668, 391 S.E.2d 849 (1990), dismissing as untimely filed plaintiff's appeal from an order entered 6 April 1989 by *Wilkinson, J.*, in

STACHLOWSKI v. STACH

[328 N.C. 276 (1991)]

District Court, PERSON County. Heard in the Supreme Court 15 November 1990.

*John W. Lunsford for plaintiff appellant.*

*J. Kevin Moore and North Central Legal Assistance Program, by Nancy McKenzie Kizer, for defendant appellee.*

WHICHARD, Justice.

On 14 July 1988 plaintiff filed in District Court, Person County, a suit seeking modification of an order from the state of Washington which gave defendant custody of the parties' two minor children. Plaintiff sought custody of the children through modification of the Washington order on the basis of a material change in circumstances. The trial court heard the matter on 17 January 1989 and announced in open court on that day that, seeing no change in circumstances to warrant changing custody, it would give full faith and credit to the Washington order. Counsel for defendant was to draft an order to that effect once the parties had negotiated visitation privileges — after counsel got "squared away on . . . Christmas." Plaintiff did not give oral notice of appeal in open court. The trial court signed a written order with findings of fact and conclusions of law on 6 April 1989, and plaintiff gave written notice of appeal on that date.

Without considering the merits, the Court of Appeals dismissed the appeal on the ground that plaintiff had not given timely notice of appeal as required by N.C.G.S. § 1-279 and Rule 3 of the North Carolina Rules of Appellate Procedure. *Stachlowski v. Stach*, 98 N.C. App. 668, 669, 391 S.E.2d 849, 850 (1990). Judge Parker dissented, and plaintiff exercised his right to appeal to this Court. N.C.G.S. § 7A-30(2) (1989). We conclude that plaintiff's appeal was timely filed, and we thus reverse.

The Court of Appeals stated correctly that N.C.R. App. P. 3 and N.C.G.S. § 1-279, as in effect prior to their amendment and repeal respectively effective 1 July 1989, govern plaintiff's appeal.[1] Rule 3 provided:

---

1. Amendments to Rule 3, effective 1 July 1989, deleted the right to give oral notice of appeal. The legislature repealed N.C.G.S. § 1-279 effective 1 July 1989. These changes apply to all judgments entered on or after the effective date and thus do not affect this case. All references in this opinion to Rule 3 and N.C.G.S. § 1-279 are to the rule and statute as in effect when this case was heard in the trial court.

(a) From Judgments and Orders Rendered in Session. Any party entitled by law to appeal from a judgment or order of a superior or district court rendered in a civil action or special proceeding during a session of court may take appeal by

> (1) giving oral notice of appeal at trial . . . ; or

> (2) filing notice of appeal with the clerk of superior court and serving copies thereof upon all other parties within the time prescribed by subdivision (c) of this rule.

. . . .

(c) Time When Taken by Written Notice. If not taken by oral notice as provided in Rule 3(a)(1), appeal from a judgment or order in a civil action or special proceeding must be taken within 10 days after its entry.

N.C.R. App. P. 3(a), (c) (1989). N.C.G.S. § 1-279 was virtually identical to Rule 3.

It is undisputed that plaintiff did not give oral notice of appeal on 17 January 1989. Under Rule 3, he thus was required to file written notice of appeal within ten days of entry of judgment. Plaintiff filed notice of appeal on 6 April 1989, the date the trial court signed the written order. The determinative issue, then, is whether entry of judgment occurred upon the oral pronouncement of the court's determination on the custody issue on 17 January 1989, or upon the signing of the written order on 6 April 1989.

> Rule 3 and N.C.G.S. § 1-279 draw a distinction between judgments 'rendered' and judgments 'entered.'

> To render judgment means to 'pronounce, state, declare, or announce' judgment. . . . Rendering judgment is 'not synonymous with "entering" . . . the judgment. Judgment is "rendered" when [the] decision is officially announced, either orally in open court or by memorandum filed with [the] clerk.'

*Kirby Building Systems v. McNiel*, 327 N.C. 234, 239-40, 393 S.E.2d 827, 830 (1990) (citations omitted). Rule 3(a)(1) provides that a party may give *oral notice* of appeal once judgment is *rendered. Written notice* is also appropriate once judgment is rendered, N.C.R. App. P. 3(a)(2), but "must be taken within 10 days after its *entry.*" N.C.R. App. P. 3(c) (emphasis added). Thus, the *rendering* of judgment

establishes the point from which a party may appeal under Rule 3, and the *entry* of judgment marks the beginning of the period during which a party must file written notice of appeal.

Rule 58 of the North Carolina Rules of Civil Procedure governs entry of judgment. It provides:

> Subject to the provisions of Rule 54(b): Upon a jury verdict that a party shall recover only a sum certain or costs or that all relief shall be denied or upon a decision by the judge in open court to like effect, the clerk, in the absence of any contrary direction by the judge, *shall make a notation in his minutes* of such verdict or decision and *such notation shall constitute the entry of judgment* for the purposes of these rules. The clerk shall forthwith prepare, sign, and file the judgment without awaiting any direction by the judge.
>
> In other cases where judgment is rendered in open court, the clerk *shall make a notation in his minutes as the judge may direct and such notation shall constitute the entry of judgment* for the purposes of these rules. The judge shall approve the form of the judgment and direct its prompt preparation and filing.
>
> In cases where judgment is not rendered in open court, *entry of judgment for the purposes of these rules shall be deemed complete when an order for the entry of judgment is received by the clerk from the judge, the judgment is filed and the clerk mails notice of its filing to all parties.* The clerk's notation on the judgment of the time of mailing shall be prima facie evidence of mailing and the time thereof.

N.C.G.S. § 1A-1, Rule 58 (1983) (emphasis added).

For the purpose of determining the timeliness of appeals, the time of entry of judgment should be established clearly. Rule 58 attempts to serve this purpose by declaring entry of judgment to occur through a notation in the clerk's minutes. In practice, however, this aspect of the rule often is not followed closely. Where, as here, no minute entry appears, and the trial court directs the prevailing attorney to draw a proposed judgment or order, the case does not fit squarely within the rubric of Rule 58.

Paragraphs one and two of Rule 58 apply to situations where judgment is rendered in open court. Under paragraph one, the

STACHLOWSKI v. STACH

[328 N.C. 276 (1991)]

clerk is to make a notation of the jury verdict or judge's decision unless the judge directs to the contrary. *See Cochrane v. Sea Gate Inc.*, 42 N.C. App. 375, 377, 256 S.E.2d 504, 505 (1979). As Judge Parker noted in her dissent, here "the judge made a contrary direction—he directed the lawyer for the prevailing party to draw the order." *Stachlowski*, 98 N.C. App. at 671, 391 S.E.2d at 850-51. Thus, there was no entry of judgment under paragraph one of Rule 58 at the time the court rendered judgment on 17 January 1989.

Paragraph two governs "other cases where judgment is rendered in open court" and declares that "the clerk shall make a notation in his minutes *as the judge may direct* and such notation shall constitute the entry of judgment for the purposes of these rules. The judge shall approve the form of the judgment and direct its prompt preparation and filing." N.C.G.S. § 1A-1, Rule 58 (emphasis added). If the trial court directs the clerk to make a notation constituting entry of judgment, this paragraph ordinarily would cover situations where, as here, the trial court renders judgment and orders the prevailing party to draft the judgment or order. *See L. Harvey and Son Co. v. Shivar*, 83 N.C. App. 673, 674-75, 351 S.E.2d 335, 336 (1987); *Arnold v. Varnum*, 34 N.C. App. 22, 25, 237 S.E.2d 272, 275, *rev. denied and app. dismissed*, 293 N.C. 740, 241 S.E.2d 513 (1977). Subject to the discussion *infra* regarding the ability of a trial court to enter judgment in advance of making required findings of fact, this paragraph also would apply to bench trials at which the trial court is required to make findings to support its legal conclusions. *See G. Wilson, N.C. Civil Procedure* § 58-3 (1989). There is nothing in the record before us, however, to indicate that the clerk made a notation in the minutes pursuant to a direction by the court. *See Taylor v. Triangle Porsche-Audi, Inc.*, 27 N.C. App. 711, 716, 220 S.E.2d 806, 810-11 (1975), *rev. denied*, 289 N.C. 619, 223 S.E.2d 396 (1976).[2] Therefore, we cannot

2. In both *Taylor* and *Arnold* the court acknowledged that entry of judgment occurs when the clerk makes a notation in the minutes. In each case, however, the notation appearing in the minutes was defective. In *Taylor*, the court held that the clerk's notation was defective because there was no evidence the trial court *directed* entry. *Taylor*, 27 N.C. App. at 716, 220 S.E.2d at 810-11. In *Arnold*, the trial court ordered that the clerk's entry of judgment in the minutes was a misinterpretation of its direction and so was clerical error. *Arnold*, 34 N.C. App. at 28, 237 S.E.2d at 275. *See also Ives v. Real-Venture Inc.*, 97 N.C. App. 391, 395, 388 S.E.2d 573, 575, *rev. denied*, 327 N.C. 139, 394 S.E.2d 174 (1990); *Gates v. Gates*, 69 N.C. App. 421, 425-26, 317 S.E.2d 402, 405 (1984), *aff'd per curiam*, 312 N.C. 620, 323 S.E.2d 920 (1985); *Kahan v. Longiotti*, 45 N.C. App. 367,

conclude that entry of judgment occurred under paragraph two of Rule 58 when the court rendered judgment on 17 January 1989. *See also Stachlowski*, 98 N.C. App. at 671, 391 S.E.2d at 851 (Parker, J., dissenting).

Paragraph three deals with "cases where judgment is not rendered in open court . . . ." N.C.G.S. § 1A-1, Rule 58. As to the custody issue, it is clear that the trial court rendered judgment in open court, so this paragraph does not apply. *See Bunting v. Bunting*, 100 N.C. App. 294, 295, 395 S.E.2d 713, 714 (1990).

Each of the three paragraphs in Rule 58 declares that entry of judgment occurs when the clerk makes some notation in the minutes. There is no evidence in the record before us regarding such a notation. *Cf. Behar v. Toyota of Fayetteville*, 90 N.C. App. 603, 605, 369 S.E.2d 618, 620 (1988) (remanded for findings on whether court directed entry of judgment and if and when clerk noted entry of judgment). The analytical framework of Rule 58 thus does not establish when entry of judgment occurred in this case.

Where the express provisions of Rule 58 are ineffective to establish the point of entry of judgment, the intent and purpose of the rule should nevertheless guide our resolution of when entry of judgment occurred. The comment to Rule 58 indicates that:

> Entry of judgment, as distinguished from rendition of judgment, is a critical moment under these rules. Time periods for the filing of certain motions are keyed to the moment of entry. It is therefore highly desirable that the moment of entry of judgment be *easily identifiable* and it is also desirable that *fair notice* be given all parties of the entry of judgment. The rule is drawn to achieve these objectives.

N.C.G.S. § 1A-1, Rule 58, Comment (emphasis added). *Accord, State v. Boone*, 310 N.C. 284, 290-91, 311 S.E.2d 552, 557 (1984); *Ives*, 97 N.C. App. at 395, 388 S.E.2d at 576; *Behar*, 90 N.C. App. at 605, 369 S.E.2d at 619-20; *Landin Ltd. v. Sharon Luggage Ltd.*, 78 N.C. App. 558, 564, 337 S.E.2d 685, 689 (1985); *Rivers v. Rivers*,

---

371, 263 S.E.2d 345, 348, *rev. denied*, 300 N.C. 374, 267 S.E.2d 675 (1980), *overruled on other grounds, Love v. Moore*, 305 N.C. 575, 291 S.E.2d 141 (1982). *Cf. Council v. Balfour Products Group*, 74 N.C. App. 668, 673, 330 S.E.2d 6, 9, *rev. denied*, 314 N.C. 538, 335 S.E.2d 316 (1985), *app. dismissed*, 80 N.C. App. 157, 341 S.E.2d 74 (1986) (trial court "professed intent to enter the order," but clerk's minutes indicate no notation constituting entry of judgment).

29 N.C. App. 172, 173, 223 S.E.2d 568, 569, *rev. denied*, 290 N.C. 309, 225 S.E.2d 829 (1976); *Barringer & Gaither, Inc. v. Whittenton*, 22 N.C. App. 316, 317, 206 S.E.2d 301, 302 (1974). The comment emphasizes easy identification and fair notice to all parties as factors critical to the determination of when judgment is entered.

In addition, Rule 58 is made expressly "subject to the provisions of Rule 54(b)." N.C.G.S. § 1A-1, Rule 58. Rule 54 defines judgments as either interlocutory or final. *Id.*, Rule 54(a). It also allows the trial court, in multi-party or multi-claim litigation, to "enter a final judgment as to one or more but fewer than all of the claims or parties only if there is no just reason for delay and it is so determined in the judgment." *Id.*, Rule 54(b). Thus, the trial court may determine that some claims are final as to some parties and allow those claims to be appealed prior to a resolution of the entire case. However, Rule 54 also states that:

> In the absence of entry of such a final judgment, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and shall not then be subject to review either by appeal or otherwise except as expressly provided by these rules or other statutes. Similarly, in the absence of entry of such a final judgment, any order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

*Id.* Rule 54 thus indicates that finality with respect to parties and claims is a key aspect of a judgment as it relates to its entry and appealability. These factors—easy identification of the time judgment is entered, fair notice to the parties, and finality of the decision—should determine the point at which entry of judgment occurs in cases in which the express provisions of Rule 58 are ineffective for that purpose.

When the clerk makes a notation in the minutes as provided in each paragraph of the rule, the time judgment is entered is readily apparent. Absent such a notation, however, as here, we must examine the facts of record to determine if judgment was entered at a clearly identifiable time. The record indicates that on 17 January 1989, the trial court announced in open court that the Washington decree would receive full faith and credit and

STACHLOWSKI v. STACH

[328 N.C. 276 (1991)]

that custody would not change from defendant to plaintiff. The court thus *rendered* judgment that day on the custody issue. There is no indication, however, that it made any direction to the clerk to *enter* judgment. On the contrary, the court directed counsel for defendant to "draw the Order." The parties continued to negotiate visitation privileges with the express understanding that counsel would not draw the order until the parties got "squared away on . . . Christmas." Though the court *rendered* judgment as to custody on 17 January 1989, these circumstances do not establish an entry of judgment at that time.

The clearest description of what constitutes fair notice of entry of judgment is the typical case contemplated by paragraph one of Rule 58. Upon a jury verdict or a judge's decision that a party recover only a sum certain or costs or that all relief shall be denied, absent a direction to the contrary by the court the clerk makes a notation of the judgment in the minutes. Entry of judgment occurs at that time and because "it involves an open court verdict or decision, all parties are deemed to be on notice of the fact and time of the entry." W. Shuford, *N.C. Civil Practice and Procedure* § 58-4 (1988). On the other hand, when the judge makes a contrary direction, such as requesting one of the parties to draft the order or judgment, the likelihood of fair notice to both parties may be jeopardized. *See, e.g., Searles v. Searles,* 100 N.C. App. 723, 726, 398 S.E.2d 55, 57 (1990) (where defendant's attorney is directed to draft the judgment, but never does, there is no entry of judgment and plaintiff's appeal properly is dismissed). If judgment were deemed to have been entered prior to completion of the requested draft, the losing party would have to give notice of appeal and begin preparing the record on appeal without the benefit of the court's written order or judgment. This would be impractical if the anticipated order or judgment is to include findings of fact to support the legal conclusions rendered in open court. Thus, in cases where entry of judgment cannot be determined from the express language of Rule 58, fair notice concerns indicate that "entry" occurs only after draft orders or judgments are submitted to and adopted by the court.

When Rule 58 expressly applies, entry of judgment could occur prior to the court's adoption of a draft order or judgment.[3]

---

3. As discussed above, paragraph two of Rule 58 allows entry of judgment when the trial court renders judgment, directs the clerk to make a notation in the minutes, and orders the prevailing party to draft the judgment.

Paragraph two clearly states that after entry of judgment the trial court "shall approve the form of the judgment and direct its prompt preparation and filing." N.C.G.S. § 1A-1, Rule 58. As discussed *infra*, however, this language does not permit the court to direct entry of judgment and subsequently to adopt findings of fact that form the basis of the judgment.

The trial court here directed counsel for defendant to draft an order reflecting its decision. This draft order required findings of fact supporting the court's conclusion that there had been no material change of circumstances warranting a modification of the custody order. *See Stachlowski*, 98 N.C. App. at 670, 391 S.E.2d at 850 (Parker, J., dissenting). Fair notice concerns would dictate that entry of judgment occurred when the court adopted the draft order and proposed findings. Under this analysis, entry of judgment occurred on 6 April 1989, the day the court signed the order.

The last consideration is the finality of the matter being adjudicated. As noted above, the importance of finality to the timing of entry of judgment is apparent more from the interrelationship between Rule 54 and Rule 58 than from the express language of Rule 58 itself.

The principal concern regarding finality is that all matters for determination be resolved. Plaintiff's suit was not final on 17 January 1989 even though the trial court announced in open court that the Washington decree would receive full faith and credit. Though the decision to preserve the custody status quo was final, the Washington decree also contained provisions concerning visitation privileges that were still being negotiated. The court directed the parties to resolve this issue and to include the resolution in the final proposed order. This issue remained open until the parties presented the order for the court's signature. *See Stanback v. Stanback*, 287 N.C. 448, 456, 215 S.E.2d 30, 35-36 (1975). The court's decision thus was not final as to all matters before it at the time the court rendered its decision regarding custody on 17 January 1989.

Another aspect of finality is the extent to which the trial court may take action *after* entry of judgment. Paragraph two of Rule 58 indicates that after entry of judgment the court may still "approve the form of judgment and direct its prompt preparation and filing." N.C.G.S. § 1A-1, Rule 58. Whether adoption of findings of fact falls within the language of Rule 58 allowing approval of the "form of the judgment" and direction of its "prep-

aration and filing," such that entry of judgment can occur prior to adoption of such findings of fact as are required, is unsettled.

In addressing whether the trial court can enter judgment without making required findings, we look first to the Rules of Civil Procedure. Rule 52 states:

(a) Findings.—

    (1) In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment.

. . .

(b) Amendment.—

Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly.
. . .

N.C.G.S. § 1A-1, Rule 52 (1983). This rule imposes three requirements on the court sitting as finder of fact: it must (1) find the facts on all issues joined in the pleadings; (2) declare the conclusions of law arising from the facts found; and (3) enter judgment accordingly. *See Williams v. Insurance Co.*, 288 N.C. 338, 342, 218 S.E.2d 368, 371-72 (1975); *Coggins v. City of Asheville*, 278 N.C. 428, 434, 180 S.E.2d 149, 153 (1971); *Gilbert Engineering Co. v. City of Asheville*, 74 N.C. App. 350, 364, 328 S.E.2d 849, 857, *rev. denied*, 314 N.C. 329, 333 S.E.2d 485 (1985); *see also Kirby*, 327 N.C. at 241, 393 S.E.2d at 831 ("The requirement to make findings of fact and conclusions of law is mandatory, and a failure to do so is grounds for granting a new trial."). The court logically must comply with these three requirements in the above order. Thus, under Rule 58 there can be no valid entry of judgment absent necessary findings. *See, e.g., Cutts v. Casey*, 275 N.C. 599, 601-02, 170 S.E.2d 598, 600 (1969); *Johnson v. Johnson*, 67 N.C. App. 250, 257, 313 S.E.2d 162, 166 (1984) ("The entire judgment was not made until all this [*i.e.*, court's adopting findings and conclusions] was accomplished."); *Fitch v. Fitch*, 26 N.C. App. 570, 575, 216 S.E.2d 734, 736-37, *cert. denied*, 288 N.C. 240, 217 S.E.2d 679 (1975); *Bank v. Easton*, 12 N.C. App. 153, 155, 182 S.E.2d 645, 646, *cert. denied*, 279 N.C. 393, 183 S.E.2d 245 (1971).

STACHLOWSKI v. STACH

[328 N.C. 276 (1991)]

Further, Rule 52 provides for amendments to findings or additional findings after entry of judgment. N.C.G.S. § 1A-1, Rule 52(b). This provision would be unnecessary if required findings did not have to precede entry of judgment. In addition, in cases where Rule 58 does not expressly apply, considerations of finality and fair notice to the parties militate against finding entry of judgment prior to adoption of the requisite findings.

Some decisions of the Court of Appeals apparently run counter to this analysis. In *Hightower v. Hightower*, 85 N.C. App. 333, 354 S.E.2d 743, *cert. denied*, 320 N.C. 792, 361 S.E.2d 761 (1987), the Court of Appeals stated: "Such authority [under Rule 58 to approve the judgment and direct its prompt preparation and filing] necessarily includes making appropriate findings of fact and entering appropriate conclusions of law, and the giving of notice of appeal in open court after 'entry' of judgment does not divest the trial court of such authority." *Id.* at 337, 354 S.E.2d at 745; *see also Morris v. Bailey*, 86 N.C. App. 378, 389, 358 S.E.2d 120, 127 (1987) (court suggests that findings of fact may follow open court entry of judgment). This statement seems to indicate that Rule 58 contemplates authority to make findings of fact after judgment is entered. Appellant in *Hightower*, however, attacked an order of contempt that allegedly was unsupported by adequate findings of fact *at the time he gave oral notice of appeal in open court*. The court in *Hightower* did not hold that Rule 58 allows findings of fact subsequent to entry of judgment. Rather, it cited Rule 58 as support for the proposition that oral notice of appeal after a judgment is *rendered* does not prevent the trial court from making findings of fact to support the conclusions of law it *enters* thereafter.

In *Banner v. Banner*, 86 N.C. App. 397, 358 S.E.2d 110, *rev. denied*, 320 N.C. 790, 361 S.E.2d 70 (1987), the Court of Appeals stated:

A judgment or order is not final under Rule 58 until it is entered on the clerk's minute book. . . . However, the purpose of this rule is merely to give all parties fair notice of the entry of judgment. . . . Even though recording the judgment may be essential to be effective against third persons, the 'entry' of judgment is not essential as to the parties themselves.

*Id.* at 403, 358 S.E.2d at 113. To the extent *Banner* is inconsistent with the analysis herein, it is disapproved.

The majority in the Court of Appeals relied on *Patel v. Mid Southwest Electric*, 88 N.C. App. 146, 362 S.E.2d 577 (1987), *rev. denied*, 322 N.C. 326, 368 S.E.2d 868 (1988), for the proposition that "the date of entry of judgment 'does not depend on the date of formal signing or filing, but instead depends upon the date when oral notice of the judgment is given in open court.'" *Stachlowski*, 98 N.C. App. at 669, 391 S.E.2d at 850 (quoting *Patel v. Mid Southwest Electric*, 88 N.C. App. at 148, 362 S.E.2d at 578). To the extent *Patel* establishes entry of judgment apart from some notation in the minutes or in a manner consistent with the analysis herein, it is disapproved.

The language of Rule 58 clearly establishes that entry of judgment occurs when the clerk makes some notation in the minutes. In cases where the procedures used do not fit within the express provisions of the rule or where there is no evidence to indicate when or whether such notation was made, the spirit and purpose of the rule should determine when entry of judgment occurs. As described above, relevant factors in this analysis are: (1) an easily identifiable point at which entry occurred, such that (2) the parties have fair notice of the court's judgment and the time thereof, and that (3) the matters for adjudication have been finally and completely resolved so that the case is suitable for appellate review. The 17 January 1989 announcement of the custody decision, with required findings yet to be made and visitation yet to be determined, was not an easily identifiable point for determining that the court had entered, rather than rendered, judgment. The parties thus did not have fair notice that the time for taking an appeal had commenced. Further, because visitation rights remained at issue, all matters for adjudication had not been resolved finally and completely.

We conclude that entry of judgment occurred on 6 April 1989—the date the court adopted the proposed order and findings submitted by the prevailing party—rather than on 17 January 1989 when the court merely announced in open court its decision regarding custody. Plaintiff's written notice of appeal on 6 April 1989 was therefore timely and sufficient to vest jurisdiction in the Court of Appeals. Accordingly, we reverse the decision of the Court of Appeals and remand the case to that court for a determination on the merits.

Reversed and remanded.