IN THE MATTER OF: J.L. AND C.L.

No. COA06-1144

(Filed 17 July 2007)

**Appeal and Error— notice of appeal—failure to give proper notice**

The trial court did not err by granting the guardian ad litem's motion to dismiss respondent mother's appeal of the denial of her motion to set aside the judgment terminating her parental rights because, although the trial court improperly based its denial on respondent's notice of appeal being untimely under N.C. R. App. P. 3 when it was in fact timely, the error was harmless when it could have based its grant of the motion on respondent's failure to issue proper notice of her appeal to the guardian ad litem attorney advocate as required by N.C. R. App. P. 25(a).

Appeal by respondent from an order entered 28 February 2006 by Judge A. Elizabeth Keever in Cumberland County District Court. Heard in the Court of Appeals 11 April 2007.

*Elizabeth Kennedy-Gurnee for petitioner-appellee Cumberland County Department of Social Services; Beth A. Hall for appellee Guardian ad Litem.*

*Richard E. Jester for respondent-appellant.*

HUNTER, Judge.

Tina Louise L. ("respondent-mother") appeals from an order granting a motion to dismiss her appeal of the denial of her motion to set aside the judgment terminating her parental rights. After careful review, we affirm.

IN RE J.L. & C.L.

[184 N.C. App. 750 (2007)]

On 27 April 2004, a Cumberland County district court entered an order terminating respondent-mother's parental rights to both J.L. and C.L. On 27 April 2005, respondent-mother filed a motion pursuant to Rule 60 to set aside the order, arguing that she did not receive service of process or notice of the trial date. Respondent-mother's counsel filed a second motion to set aside the order on 29 July 2005. On 3 August 2005, the court held a hearing on the motion and entered its order denying the motion on 19 September 2005.

Respondent-mother gave oral notice at that hearing that she would appeal the court's ruling, then filed written notice of appeal on 16 August 2005. The court entered a written order to the same effect as its order given at the 3 August hearing on 12 September 2005.

On 20 January 2006, the guardian ad litem moved the trial court to dismiss respondent-mother's appeal.[1] The juvenile court held a hearing on 1 February 2006 and on 28 February 2006 entered an order granting the motion on the basis that respondent-mother "failed to file a written Notice of Appeal within 10 days after the entry of the Order Denying her Rule 60 Motion as required by N.C.G.S. 7B-1001." Respondent-mother appeals this order.

I.

Per N.C. Gen. Stat. § 7B-1001, notice of appeal must be given "within 10 days of any order of disposition following an order adjudicating a juvenile as neglected." *In re Padgett*, 156 N.C. App. 644, 647-48 n.3, 577 S.E.2d 337, 340 n.3 (2003). The question before this Court is whether respondent-mother's oral notice of appeal in court on 3 August fulfills this requirement, given that she did not later give written notice of appeal within ten days of the court's written order of 19 September.

This issue has arisen previously before this Court. In *Stachlowski v. Stach*, 328 N.C. 276, 401 S.E.2d 638 (1991), which also concerned modification of a child custody order, the trial court announced its judgment in open court on 17 January and entered a written order to the same effect on 6 April. *Id.* at 277, 401 S.E.2d at 639. Plaintiff did not give oral notice of appeal at that time, but gave written notice of

---

1. The trial court retained jurisdiction to hear this motion pursuant to Rule 25(a) of the North Carolina Rules of Appellate Procedure, which states that "[p]rior to the filing of an appeal in an appellate court motions to dismiss are made to the court, commission, or commissioner from which appeal has been taken; after an appeal has been filed in an appellate court motions to dismiss are made to that court." N.C.R. App. P. 25(a).

appeal on 6 April, the same day the written order was filed. *Id.* at 278, 401 S.E.2d at 640. This Court dismissed the appeal for failure to give notice within ten days of the oral judgment. *Id.* at 277, 401 S.E.2d at 639. The Supreme Court reversed, stating that:

> Rule 3(a)(1) provides that a party may give *oral notice* of appeal once judgment is *rendered*. *Written notice* is also appropriate once judgment is rendered, N.C.R. App. P. 3(a)(2), but "must be taken within 10 days after its *entry*." N.C.R. App. P. 3(c) (emphasis added). Thus, the *rendering* of judgment establishes the point from which a party *may* appeal under Rule 3, and the *entry* of judgment marks the beginning of the period during which a party *must* file written notice of appeal.

*Id.* at 278-79, 401 S.E.2d at 640 (emphasis in original and emphasis added).

Here, respondent-mother gave oral notice of appeal on 3 August 2005, the day the trial court announced its denial of her motion in court, and written notice on 16 August 2005. The trial court entered its written order on 12 September 2005. As such, respondent-mother's notice of appeal was timely under Rule 3.

## II.

In its cross-assignments of error, Cumberland County Department of Social Services ("DSS") and the guardian ad litem ("appellees") in fact admit that dismissing the appeal on the above basis was error, but argue that because the court could have properly based its order to dismiss on other grounds, the error was harmless and the order should be affirmed. *See* N.C. Gen. Stat. 1A-1, Rule 61 ("no error or defect in any ruling or order . . . is ground for . . . vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action amounts to the denial of a substantial right"). Specifically, appellees argue that the trial court could have based its grant of the motion to dismiss on respondent-mother's failure to issue proper notice of her appeal to the guardian ad litem attorney advocate. We agree.

Per Rule 25(a) of the North Carolina Rules of Appellate Procedure, "[i]f after giving notice of appeal from any court, commission, or commissioner the appellant shall fail within the times allowed by these rules or by order of court to take any action required to present the appeal for decision, the appeal may on motion of any other party be dismissed." N.C.R. App. P. 25(a). Respondent-mother

does not dispute appellees' assertion that she failed not only to give them timely notice, but indeed to give them no notice at all, up to the date of this appeal. The trial court dismissed the action on the motion of appellees. Thus, Rule 25(a) provides the authority for the trial court's actions.

Although the trial court used invalid grounds as basis for its order, because valid grounds exist on which the trial court could have based its order, the error was harmless and we affirm the trial court's dismissal of the appeal.

Affirmed.

Judges TYSON and JACKSON concur.

