REED v. ABRAHAMSON

[102 N.C. App. 318 (1991)]

DEBORAH ANN REED, PLAINTIFF v. CLARA PARKS ABRAHAMSON, JAMES OWEN ABRAHAMSON, KAREN BARWICK AND ROBERT LEONARD BARWICK, SR., DEFENDANTS

No. 9015SC568

(Filed 19 March 1991)

**Rules of Civil Procedure § 58 (NCI3d) — entry of judgment — notation of jury verdict in clerk's minutes — appeal untimely**

Entry of judgment in this case took place when the jury returned a verdict in open court for a sum certain and the clerk made a notation of "jury verdict" in the official minutes, not when the judgment was later signed by the trial judge, and defendant's notice of appeal, filed 32 days after the jury verdict was returned, was untimely. Appellate Rule 3(c); N.C.G.S. § 1A-1, Rule 58.

**Am Jur 2d, Appeal and Error §§ 302, 303.**

APPEAL by defendants from judgment entered 2 October 1989 in ORANGE County Superior Court by *Judge F. Gordon Battle.* Heard in the Court of Appeals 12 December 1990.

On 21 January 1988 plaintiff filed this personal injury action against defendants for damages suffered in an automobile accident on 22 January 1985. The trial commenced on 26 September 1989 and terminated on 2 October 1989 at which time the jury returned a verdict in favor of plaintiff against all defendants for $50,000.00. On this same day, the assistant clerk of court for the Orange County Superior Court entered the words "jury verdict" on the official minutes of court. Plaintiff prepared a judgment incorporating the jury's verdict which the trial judge signed on 9 October 1989. Defendants Barwick filed written notice of appeal on 3 November 1989. Defendants Abrahamson filed written notice of appeal on 13 November 1989. Plaintiff filed a motion in the trial court to dismiss defendants Barwicks' appeal as untimely pursuant to Rule 3(c) of the North Carolina Rules of Appellate Procedure. The trial court denied plaintiff's motion to dismiss, ruling that defendants' appeal was timely filed.

Prior to filing the record and briefs, plaintiff filed a motion in the Court of Appeals to dismiss the appeals as untimely under

**REED v. ABRAHAMSON**

[102 N.C. App. 318 (1991)]

the provisions of Rule 3 of the North Carolina Rules of Appellate Procedure and Rule 58 of the North Carolina Rules of Civil Procedure.

*Toms, Reagan & Montgomery, by Frederic E. Toms, for plaintiff-appellee.*

*E. Elizabeth Lefler and George W. Miller, Jr. for defendants-appellants Karen Barwick and Robert Leonard Barwick, Sr.*

*Young, Moore, Henderson & Alvis, P. A., by Ralph W. Meekins and Knox Proctor, for defendants-appellants Clara Parks Abrahamson and James Owen Abrahamson.*

WELLS, Judge.

Because we find merit in plaintiff's motion to dismiss this appeal as untimely, we first address plaintiff's motion and need not reach the merits of defendants' appeals.

Plaintiff moves to dismiss this appeal pursuant to Rule 3(c) of the North Carolina Rules of Appellate Procedure for the reason that defendants failed to give notice of appeal within thirty (30) days after the entry of judgment in this action. The giving of notice of appeal within the prescribed period is a jurisdictional requirement and defendants' failure to give timely notice renders the Court of Appeals without jurisdiction to hear this appeal. *Booth v. Utica Mutual Ins. Co.,* 308 N.C. 187, 301 S.E.2d 98 (1983).

Plaintiff contends that entry of judgment occurred on 2 October 1989, the day the jury rendered its verdict for plaintiff against defendants for $50,000.00 and the clerk made notation of "jury verdict" in the official minutes of the Superior Court. Plaintiff further contends that defendants Barwick untimely filed their notice of appeal 32 days later on 3 November 1989. Defendants contend that the date of entry of judgment was 9 October 1989, the date the trial judge signed the judgment. Defendants contend that 9 October 1989 is the proper date because the trial judge delayed entry of judgment by directing plaintiff's attorney to prepare the judgment for signing. Defendants also contend that the clerk's notation provides inadequate notice to constitute an entry of judgment.

Rule 3(c) of the North Carolina Rules of Appellate Procedure requires that written notice of "appeal from a judgment or order in a civil action or special proceeding must be taken within 30 days after its entry." The Rule further states:

REED v. ABRAHAMSON

[102 N.C. App. 318 (1991)]

If a timely notice of appeal is filed and served by a party, any other party may file and serve a notice of appeal within 10 days after the first notice of appeal was served on such party.

N.C.R. App. P. 3(c) (1990). Therefore, the validity of the Abrahamsons' appeal depends upon the timeliness of the Barwicks' appeal. The conditions of entry of judgment are set out in Rule 58 of the North Carolina Rules of Civil Procedure.

Rule 58 provides:

> Subject to the provisions of Rule 54(b): Upon a jury verdict that a party shall recover only a sum certain or costs or that all relief shall be denied or upon a decision by the judge in open court to like effect, the clerk, in the absence of any contrary direction by the judge, shall make a notation in his minutes of such verdict or decision and such notation shall constitute the entry of judgment for the purposes of these rules. The clerk shall forthwith prepare, sign, and file the judgment without awaiting any direction by the judge.
>
> In other cases where judgment is rendered in open court, the clerk shall make a notation in his minutes as the judge may direct and such notation shall constitute the entry of judgment for the purposes of these rules. The judge shall approve the form of the judgment and direct its prompt preparation and filing.
>
> In cases where judgment is not rendered in open court, entry of judgment for the purposes of these rules shall be deemed complete when an order for the entry of judgment is received by the clerk from the judge, the judgment is filed and the clerk mails notice of its filing to all parties. The clerk's notation on the judgment of the time of mailing shall be prima facie evidence of mailing and the time thereof.

N.C. Gen. Stat. § 1A-1, Rule 58 (1990). This case falls within the plain language of paragraph one of Rule 58. Neither party contends this judgment was not rendered in open court; therefore, this case is not governed by paragraph three. *See Ives v. Real-Venture, Inc.,* 97 N.C. App. 391, 338 S.E.2d 573 (1990). Nothing in the record suggests that in this case it was necessary for the trial judge to direct notations in the minutes or that this case is governed by paragraph two. *See Behar v. Toyota of Fayetteville,* 90 N.C.

REED v. ABRAHAMSON

[102 N.C. App. 318 (1991)]

App. 603, 369 S.E.2d 618 (1988). In fact, in his order denying plaintiff's motion to dismiss defendants' appeal as untimely, the trial judge made the finding of fact that "[t]he Court gave no direction to the Clerk with respect to a notation of such verdict." The jury verdict clearly awarded a sum certain for $50,000.00, providing the parties with oral notice of judgment. *See Patel v. Mid Southwest Electric*, 88 N.C. App. 146, 362 S.E.2d 577 (1987). The clerk made the notation "jury verdict" in the official minutes of court on 2 October 1989 and such notation constituted entry of judgment. *Id.*

Defendants further contend that the clerk's notation of "jury verdict" fails to give sufficient detail to constitute an entry of judgment because the notation lacks the award amount and the identification of the prevailing party. We find no authority holding the clerk's notation must be so detailed. Defendants only offer the following statement in *Shuford, North Carolina Civil Practice and Procedure*, 3d § 58-4, pp. 474-75 (1988): "Where the amount of a judgment for money is not included in the notation, it is not considered a proper entry of judgment, and the time for appeal will not begin to run until a proper entry is made." The sole case supporting this proposition in *Shuford* is a case decided under Rule 79(a) of the federal rules which requires the clerk of court to maintain a civil docket with entries showing the substance of each order or judgment of the court. *Id.* However, there is no such corresponding North Carolina rule. *Wilson, North Carolina Civil Procedure*, p. 324 (1989). Although it may be the better practice for the clerk to make notations of the essential terms of the judgment in his minutes, such detail is not required in North Carolina. *Id.* The official comment states that the purpose of Rule 58 is to provide notice to the parties of entry of judgment and that when judgment is entered in open court, as in the case here, all parties will presumably have notice. N.C. Gen. Stat. § 1A-1, Rule 58 (1990) (Official Comment). Consistent with our holding in *Patel, supra*, we must hold that entry of judgment in this case took place when the jury verdict, returned in open court for a sum certain, was noted in the clerk's minutes, not when later signed by the trial judge.

Accordingly, the defendants' appeals are

Dismissed.

Chief Judge HEDRICK and Judge ORR concur.