DEBORAH ANN REED v. CLARA PARKS ABRAHAMSON, JAMES OWEN ABRAHAMSON, KAREN BARWICK AND ROBERT LEONARD BARWICK, SR.

No. 230PA91

(Filed 22 April 1992)

**1. Rules of Civil Procedure § 58 (NCI3d) — notation "jury verdict" in minutes — insufficient for entry of judgment**

Assuming arguendo that paragraph one of N.C.G.S. § 1A-1, Rule 58 governs the entry of judgment in this case and that the court calendar constituted the official minutes of the court, the mere notation "jury verdict" on the court calendar contained insufficient detail to comply with the Rule 58, paragraph one requirement of a "notation in [the clerk's] minutes of *such* verdict or decision." Use of the word "such" in the rule imports the recording of sufficient detail regarding the judgment to give notice of its essential character and content.

**Am Jur 2d, Judgments §§ 152, 156, 160, 166.**

**2. Rules of Civil Procedure § 58 (NCI3d) — entry of judgment — requisites of notation**

An adequate notation of entry of judgment must include, at a minimum, the names of the parties, the prevailing party, the relief awarded, and the date the verdict was returned.

**Am Jur 2d, Judgments §§ 152, 172.**

REED v. ABRAHAMSON

[331 N.C. 249 (1992)]

3. **Rules of Civil Procedure § 58 (NCI3d)— jury verdict for sum certain—direction for preparation of judgment—when entry of judgment occurs**

   The first paragraph of Rule 58 does not determine when entry of judgment for a sum certain occurs when the trial court makes a direction contrary to its terms, and the trial court makes such a contrary direction when it requests that one of the parties draft the order or judgment.

   **Am Jur 2d, Judgments § 161.**

4. **Rules of Civil Procedure § 58 (NCI3d)— jury verdict for sum certain—preparation of judgment by plaintiff's attorney—time of entry of judgment—timely notice of appeal**

   Even if the clerk's notation "jury verdict" in the minutes had been sufficient to constitute entry of judgment for a sum certain, entry of judgment did not occur at that time because the trial court's contrary direction to plaintiff's attorney to prepare the judgment precluded application of the automatic entry provisions of Rule 58, paragraph one. Rather, entry of judgment occurred when the trial court adopted and signed the proposed judgment submitted by plaintiff's counsel, and written notice of appeal filed by defendants within thirty days after that date was timely.

   **Am Jur 2d, Appeal and Error §§ 302-304; Judgments § 161.**

ON discretionary review pursuant to N.C.G.S. § 7A-31(a) of a decision of a unanimous panel of the Court of Appeals, 102 N.C. App. 318, 401 S.E.2d 834 (1991), dismissing as untimely defendants' appeals from a judgment entered 9 October 1989 by *Battle, J.,* in Superior Court, ORANGE County, upon a jury verdict for plaintiff. Heard in the Supreme Court 13 February 1992.

*Toms, Reagan & Montgomery, by Frederic E. Toms, for plaintiff appellee.*

*Haywood, Denny, Miller, Johnson, Sessoms & Patrick, by George W. Miller, Jr. and E. Elizabeth Lefler, for defendant appellants Barwick.*

*Young, Moore, Henderson & Alvis, P.A., by Ralph W. Meekins, for defendant appellants Abrahamson.*

**REED v. ABRAHAMSON**

[331 N.C. 249 (1992)]

WHICHARD, Justice.

On 2 October 1989, at the conclusion of a civil jury trial in plaintiff's action for personal injury, the jury returned a verdict of $50,000 for plaintiff against all defendants. The assistant clerk of court wrote the words "jury verdict" beside the case caption on the court calendar, and the trial court directed plaintiff's counsel to prepare a judgment reflecting the jury verdict. On 9 October 1989, the trial court signed the judgment prepared by plaintiff's counsel.

Rule 3(c) of the North Carolina Rules of Appellate Procedure required defendants to file written notice of appeal within thirty days after entry of the judgment. Defendants Barwick filed written notice of appeal on 3 November 1989. Defendants Abrahamson filed notice of appeal on 13 November 1989, within the ten-day period Rule 3(c) provides for coparties. Plaintiff moved to dismiss the Barwick defendants' appeal as untimely, but the trial court denied the motion.

Prior to filing the record and briefs, plaintiff filed a motion in the Court of Appeals to dismiss the appeals under Rule 3 of the North Carolina Rules of Appellate Procedure and Rule 58 of the North Carolina Rules of Civil Procedure. The Court of Appeals concluded that entry of judgment occurred on 2 October 1989 when the jury returned its verdict and the assistant clerk made the notation "jury verdict" on the court calendar. Because the Barwick defendants did not file notice of appeal until 3 November, the Court of Appeals ruled that their appeal was outside the thirty-day period allowed by Rule 3. Under this view of the law, the Abrahamson defendants' notice of appeal was also untimely. Thus, the Court of Appeals dismissed the appeals. We allowed defendants' petitions for discretionary review, and we now reverse.

The issue is when entry of judgment occurred. Rule 58, which governs entry of judgment, provides:

> Subject to the provisions of Rule 54(b): Upon a jury verdict that a party shall recover only a sum certain or costs or that all relief shall be denied or upon a decision by the judge in open court to like effect, the clerk, in the absence of any contrary direction by the judge, shall make a notation in his minutes of such verdict or decision and such notation shall constitute the entry of judgment for the purposes of these

REED v. ABRAHAMSON

[331 N.C. 249 (1992)]

rules. The clerk shall forthwith prepare, sign, and file the judgment without awaiting any direction by the judge.

In other cases where judgment is rendered in open court, the clerk shall make a notation in his minutes as the judge may direct and such notation shall constitute the entry of judgment for the purposes of these rules. The judge shall approve the form of the judgment and direct its prompt preparation and filing.

In cases where judgment is not rendered in open court, entry of judgment for the purposes of these rules shall be deemed complete when an order for the entry of judgment is received by the clerk from the judge, the judgment is filed and the clerk mails notice of its filing to all parties. The clerk's notation on the judgment of the time of mailing shall be prima facie evidence of mailing and the time thereof.

N.C.G.S. § 1A-1, Rule 58 (1990). The Court of Appeals concluded that "[t]his case falls within the plain language of paragraph one of Rule 58." *Reed v. Abrahamson*, 102 N.C. App. 318, 320, 401 S.E.2d 834, 836 (1991). It noted that the jury verdict clearly was for a sum certain and held that the assistant clerk's notation "jury verdict" was sufficient to constitute entry of judgment. *Id.* at 321, 401 S.E.2d at 836. It thus held that entry of judgment occurred on 2 October 1989 when the assistant clerk made the notation, and that defendants' notices of appeal filed more than thirty days later were untimely.

**[1]** Assuming, *arguendo*, that paragraph one of Rule 58 governs and that the court calendar constituted the official minutes of the court,[1] we conclude that the mere notation "jury verdict" contained insufficient detail to comply with the Rule 58, paragraph one, requirement of a "notation in [the clerk's] minutes of *such* verdict or decision." N.C.G.S. § 1A-1, Rule 58 (emphasis added). Use of the word "such" in the rule imports the recording of sufficient detail regarding the judgment to give notice of its essential character and content.

---

1. There are affidavits by the clerk and assistant clerk stating that the court calendar constituted the official minutes. They were filed with plaintiff's motion to dismiss in the Court of Appeals and are found in plaintiff's brief to this Court, but are not in the record on appeal.

**REED v. ABRAHAMSON**

[331 N.C. 249 (1992)]

Before the adoption of Rule 58, our statutes expressly required a detailed entry in the court minutes in order to constitute entry of judgment. N.C.G.S. § 1-205 provided:

> Upon receiving a verdict, the clerk shall make an entry in his minutes, specifying the time and place of the trial, the names of the jurors and witnesses, the verdict, and either the judgment rendered thereon or an order that the cause be reserved for argument or further consideration. If a different direction is not given by the court, the clerk must enter judgment in conformity with the verdict.

N.C.G.S. § 1-205 (1953) (repealed by 1967 N.C. Sess. Laws ch. 957, § 4). In addition to the court minutes mentioned in section 1-205, the clerk was required to keep a judgment docket. N.C.G.S. § 2-42 provided:

> Each clerk shall keep the following books . . .
>
>     . . . .
>
> 2. Judgment docket, which shall contain a note of *the substance of* every judgment and every proceeding subsequent thereto.
>
>     . . . .
>
> 8. Minute docket of superior court, which shall contain a record of all proceedings had in the court during term, in the order in which they occur, and such other entries as the judge may direct to be made therein.

N.C.G.S. § 2-42 (1953) (emphasis added) (repealed by 1971 N.C. Sess. Laws ch. 363). The clerk made the entry in the minutes as required by section 1-205 and also made a detailed entry of superior court judgments in the judgment docket pursuant to N.C.G.S. § 1-233, which provided:

> Every judgment of the superior court, affecting the right to real property, or requiring in whole or in part the payment of money, shall be entered by the clerk of said superior court on the judgment docket of the court. The entry must contain the names of the parties, and the relief granted, date of judgment, and the date, hour and minute of docketing . . . .

N.C.G.S. § 1-233 (1953) (current version at N.C.G.S. § 1-233 (1983) ). Thus, prior to the adoption of Rule 58 our statutes mandated that

the clerk make detailed notations when recording the judgment of the court in both the minutes of the court and the judgment docket.

In 1971, the General Assembly repealed section 2-42, which required the keeping of a "minute docket" and a "judgment docket," and replaced it with N.C.G.S. § 7A-109, which provides: "Each clerk shall maintain such records, files, dockets and indexes as are prescribed by rules of the Director of the Administrative Office of the Courts." N.C.G.S. § 7A-109(a) (1989). Though the language of the new statute differs from its predecessor, court minutes and judgment dockets are still statutorily prescribed. For example, where section 2-42 expressly required the maintenance of judgment and minute dockets, current section 7A-109(a) explicitly acknowledges that the clerk should continue to keep such dockets: "[T]hese records . . . shall include civil actions, special proceedings, estates, criminal actions, juvenile actions, *minutes of the court*, [and] *judgments . . . .*" *Id.* (emphasis added).

In 1967, the General Assembly repealed the entry of judgment provision of section 1-205 and enacted the North Carolina Rules of Civil Procedure, including Rule 58, effective 1 January 1970. As noted, Rule 58 provides that entry of judgment occurs when the clerk "makes a notation in his minutes[.]" In contrast to the express language of the previous section on entry of judgment, the current rule does not specify the degree of detail necessary for a sufficient "notation." We are convinced, however, that by specifying a notation of "*such* verdict" in the first paragraph of Rule 58, the General Assembly intended to retain the former requirements at least as to the essential details of the judgment.

[2] Where the provisions of paragraph one of Rule 58 apply, *i.e.*, when there is "a jury verdict that a party shall recover only a sum certain or costs or that all relief shall be denied or upon a decision by the judge in open court to like effect," the clerk "shall make a notation in his minutes of such verdict or decision . . . ." N.C.G.S. § 1A-1, Rule 58. In order to make a notation of "such verdict" as was returned in this case, the clerk had to specify more than the mere words "jury verdict." An adequate notation would have reflected much of the information on the actual jury verdict form, including, at minimum, the names of the parties, the prevailing party, the relief awarded, and the date the verdict was returned.

N.C.G.S. § 7A-109 supports the conclusion that the essential. details of a judgment are a necessary component of the notation constituting entry of judgment. That section governs the clerk's record-keeping procedures, including minutes of the court and judgments. It provides that such records shall be kept in accordance with rules prescribed by the Director of the Administrative Office of the Courts. N.C.G.S. § 7A-109. It also states that the Director shall establish rules designed

> (1) To provide an accurate record of every determinative legal action, proceeding, or event which may affect the person or property of any individual, firm, corporation, or association;

> (2) To provide a record during the pendency of a case that allows for the efficient handling of the matter by the court from its initiation to conclusion and also affords information as to the progress of the case[.]

N.C.G.S. § 7A-109(a)(1)-(2). These provisions reveal a legislative intent that court records provide an accurate source of information about the status and disposition of cases. The clerk's notation in the minutes of the court is important because it establishes the point from which a party has thirty days to file written notice of appeal under Rule 58 and North Carolina Rule of Appellate Procedure 3. "It is . . . highly desirable that the moment of entry of judgment be easily identifiable and it is also desirable that fair notice be given to all parties of the entry of judgment." N.C.G.S. § 1A-1, Rule 58 comment. Thus, it is essential that the notation of entry of judgment include at least the names of the parties, the prevailing party, the relief awarded, and the date the verdict was returned. The notation here lacks these specifics and is therefore insufficient to constitute entry of judgment under Rule 58.

[3] Even if the assistant clerk's notation had been sufficient to constitute entry of judgment, we disagree with the Court of Appeals holding that paragraph one of Rule 58 determines when entry occurred on the facts of this case. The parties do not contend that the judgment here was anything other than a jury verdict for a sum certain; thus, that aspect of paragraph one is met. The first paragraph of Rule 58 does not determine when entry of judgment occurs, however, when the trial court makes a direction contrary to its terms. The trial court makes such a contrary direction when it requests that one of the parties draft the order or judgment. *Stachlowski v. Stach*, 328 N.C. 276, 283, 401 S.E.2d 638,

643 (1991); *see also Cobb v. Rocky Mount Board of Education*, 102 N.C. App. 681, 683, 403 S.E.2d 538, 540 (1991), *aff'd per curiam*, 331 N.C. 280, 415 S.E.2d 554 (1992). Though such a request is primarily directed to the party assigned to draft the judgment, it necessarily operates as an implicit direction to the clerk not to follow the remaining, otherwise automatic, procedures of paragraph one — noting entry of judgment in the minutes and "forthwith prepar[ing], sign[ing], and fil[ing] the judgment without awaiting any direction by the judge." N.C.G.S. § 1A-1, Rule 58. Clearly, a request that prevailing counsel draft the order or judgment is inconsistent with the last sentence of paragraph one which makes the clerk responsible for preparing the judgment. Further, as noted in *Stachlowski*, "when the judge makes a contrary direction, such as requesting one of the parties to draft the order or judgment, the likelihood of fair notice to both parties may be jeopardized." 328 N.C. at 283, 401 S.E.2d at 643.

Plaintiff argues that where, as here, there is a jury verdict for a sum certain, there is no need for the trial court to make findings of fact or even to sign the judgment. *See* N.C.G.S. § 1A-1, Rule 58 comment. In such cases, plaintiff suggests, entry of judgment is a purely ministerial act and it should be irrelevant who prepares the judgment for filing with the court records. As we noted in *Stachlowski*:

> The clearest description of what constitutes fair notice of entry of judgment is the typical case contemplated by paragraph one of Rule 58. Upon a jury verdict or a judge's decision that a party recover only a sum certain or costs or that all relief shall be denied, absent a direction to the contrary by the court the clerk makes a notation of the judgment in the minutes. Entry of judgment occurs at that time and because "it involves an open court verdict or decision, all parties are deemed to be on notice of the fact and time of the entry." W. Shuford, *N.C. Civil Practice and Procedure* § 58-4 (1988).

328 N.C. at 283, 401 S.E.2d at 643. This is not the typical case contemplated by paragraph one of Rule 58, however, because the trial court made a contrary direction that the prevailing party draft the judgment. Even though entry of judgment could have occurred upon the clerk's proper notation in the minutes of the jury verdict, it did not occur at that time because the court's contrary direction to plaintiff's attorney to prepare the judgment

precluded application of the automatic entry provisions of paragraph one.

Plaintiff further argues that there was no "contrary direction" within the meaning of the first paragraph of Rule 58 because the trial court, in ruling on plaintiff's motion to dismiss defendants' appeals, found as a fact that it gave no direction to the clerk. This argument is without merit. The entire finding is as follows:

> 4. The Clerk assigned to the Courtroom wrote "jury verdict" on the Court calendar for the September 26, 1989 term. The Court gave no direction to the Clerk with respect to a notation of such verdict. The entry of Judgment for the purpose of Rule 58 occurred when the Judgment was entered and signed by the Court on October 9, 1989.

This finding does not support plaintiff's argument that there was no "contrary direction" by the trial court. Instead, it reveals that the assistant clerk made the notation upon her own initiative, while the trial court proceeded on the understanding that entry would follow its adoption of the judgment. Thus, the finding supports the trial court's conclusion that entry of judgment occurred on 9 October 1989 when it signed the written judgment prepared by plaintiff's counsel.

Because of the trial court's contrary direction, the automatic entry provisions of paragraph one do not operate to determine when entry of judgment occurred. Neither do the remaining paragraphs of Rule 58 effectively resolve the question. There was no entry of judgment under paragraph two of Rule 58 because there is no indication that the clerk made a notation in the minutes pursuant to the trial court's direction.[2] In fact, the trial court's

---

2. There is a fundamental difference between paragraphs one and two of Rule 58. Paragraph one contemplates a simple case in which entry of judgment occurs automatically, absent a contrary direction by the court, upon the clerk's notation in the minutes of the verdict rendered by the trial court or jury. Paragraph two, however, does not contemplate an *automatic* notation by the clerk; instead, entry of judgment occurs under this paragraph only if the court *expressly* directs the clerk to make a notation. Upon such an *affirmative* direction and a notation entered in response to such direction, entry of judgment occurs, and subsequent directions by the trial court do not affect the timing of entry of judgment. Thus, under paragraph one of Rule 58, a *contrary* direction by the trial court to a party regarding preparation of the judgment delays entry of judgment, while under paragraph two of Rule 58, an *affirmative* direction by the trial court to the clerk to make a notation constitutes entry of judgment notwithstanding subsequent direction to a party to prepare the judgment.

finding that it "gave no direction to the Clerk" is supported by the record and is determinative. Paragraph three of the rule applies only "where judgment is not rendered in open court"; thus, it is inapplicable here.

**[4]** Absent entry of judgment under the express provisions of Rule 58, we determine the time of entry of judgment under the framework established in *Stachlowski*:

> In cases where the procedures used do not fit within the express provisions of the rule or where there is no evidence to indicate when or whether such notation was made, the spirit and purpose of the rule should determine when entry of judgment occurs. . . . [R]elevant factors in this analysis are: (1) an easily identifiable point at which entry occurred, such that (2) the parties have fair notice of the court's judgment and the time thereof, and that (3) the matters for adjudication have been finally and completely resolved so that the case is suitable for appellate review.

328 N.C. at 287, 401 S.E.2d at 645. In light of those factors, we conclude that entry of judgment here occurred on 9 October 1989 when the trial court adopted and signed the proposed judgment submitted by plaintiff's counsel, not on 2 October 1989 when the jury returned its verdict and the assistant clerk wrote "jury verdict" on the court calendar. The date of signing of the judgment provided an easily identifiable point at which entry occurred. Assuming timely receipt of a copy of the judgment by opposing counsel, the parties had fair notice of the court's judgment and the time thereof. And, the matters for adjudication clearly had been finally and completely resolved at that point.

Thus, the Barwick defendants' written notice of appeal, filed on 3 November 1989, was timely. Because defendants Abrahamson filed their notice of appeal within ten days of the timely appeal of their coparties, their appeal is timely as well. N.C.R. App. P. 3(c). Defendants' timely appeals were sufficient to establish jurisdiction in the Court of Appeals; therefore, we reverse the decision of that court and remand the case to it for a determination on the merits.

Reversed and remanded.