IN THE MATTER OF: NOEY HAYES, III, JASON LYNN HAYES, AND KIMBERLY ANN HAYES

No. 9122DC662

(Filed 7 July 1992)

**Rules of Civil Procedure § 58 (NCI3d)— entry of judgment—timely appeal**

Appellant's appeal was timely filed where the Department of Social Services' petition to terminate appellant's custody and visitation rights for his three natural children was granted; appellant was subsequently charged with the rape of his stepdaughter and acquitted; appellant filed a Rule 60 motion for review and a hearing *de novo* of the earlier proceedings in which D.S.S. was given custody of the three children; the trial court stated in open court on 14 January 1991 that the Rule 60 motion was not timely filed and directed the attorney for D.S.S. to prepare the order; appeal was made on 12 February; the order was signed on 14 March; and the District Court

**IN RE HAYES**

[106 N.C. App. 652 (1992)]

held that the notice of appeal was untimely. The three paragraphs of N.C.G.S. § 1A-1, Rule 58 do not apply because the court instructed the attorney to draft the order, there is no indication that the trial court expressly directed the clerk to make a notation of the judgment and the parties have stipulated that there was no written entry of the court's ruling in the official minutes; and the court clearly rendered a decision in open court. Under the factors in *Stachlowski v. Stach*, 328 N.C. 276, the announcement in open court was not clearly identifiable as the time judgment was entered; fair notice concerns dictate that entry of judgment occurred when the court signed the order; and the rendering of the judgment in open court was not final.

**Am Jur 2d, Appeal and Error § 303.**

APPEAL by appellant-father, Noey G. Hayes, Jr. (also referred to as "Noey G. Hayes, II"), from order dismissing his appeal entered 17 May 1991 by *Judge Robert W. Johnson* in IREDELL County District Court. Heard in the Court of Appeals 16 April 1992.

*Pope, McMillan, Gourley, Kutteh & Parker, by Christopher M. Collier, for the appellee, Iredell County Department of Social Services.*

*Tate & Minor, by Steven G. Tate, for the appellee, Guardian Ad Litem.*

*Law Offices of Harrell Powell, Jr., by Harrell Powell, Jr. and J. Clark Fischer, for the appellant, Noey G. Hayes, Jr.*

LEWIS, Judge.

The question before us concerns the timeliness of an appeal according to Rule 58, N.C.G.S. § 1A-1, Rule 58 (1990).

The case before us has a somewhat convoluted history. On 10 October 1989, the Department of Social Services ("D.S.S.") petitioned the Iredell County District Court to terminate appellant's custody and visitation rights for his three natural children, which was granted. The children were placed in the custody of D.S.S. and it appears to this Court that they remain there. Subsequently, the appellant was charged with the rape of his stepdaughter. Following a trial in Iredell County Superior Court, the jury acquitted the appellant of this charge.

Appellant then filed, on 1 November 1990, a Rule 60(b) motion, asking the District Court for review and a hearing *de novo* of the earlier proceedings in which D.S.S. was given legal custody of appellant's three children. The trial court denied the motion on 14 January 1991, holding the Rule 60(b) motion to be untimely. The sole question before us concerns the timeliness of appellant's appeal of the order dismissing his Rule 60(b) motion.

On 14 January 1991, in open court, the trial court stated, "I will find that the Rule 60 Motion in this matter is not timely filed." The trial court directed the attorney for D.S.S.:

Mr. Collier, I would ask that you prepare the Order in this matter making appropriate findings of fact based on the evidence that was introduced and based on the file that was introduced in evidence today, and send me a copy of the Order as well as a copy to Mr. Powell prior to my signing it.

The attorney for appellant made exceptions for the record, after which the court then again stated, "I am ruling that this motion which is before me today, which is your motion, is not filed in a timely manner." Appellant's attorney responded, "All right. That clears that up for us. Thank you."

Under N.C.G.S. § 7A-666 (1989), appellant had ten days in which to file notice of appeal. If the "entry" was made simultaneously with the "rendering" of the order in open court on 14 January 1991, then appellant must have filed his notice of appeal by the 24th of January. Instead, appeal was made on 12 February 1991, nearly a month later.

However, if the "entry" was made when the order was finally signed, on 14 March 1991, then the appeal, though early, was certainly not late and therefore proper. The District Court dismissed the appellant's appeal, holding the notice of appeal to be untimely. We now review the District Court's order of dismissal.

The parties have stipulated that on 14 January 1991, the trial court, when ruling on the Rule 60(b) motion, "either rendered or entered judgment," and that the "Clerk made no written entry in the day's minutes of the Judge's ruling." This Court is asked to decide what the trial court did on 14 January 1991; did it "render" or "enter" its order?

Our Courts have distinguished between judgments "rendered" and judgments "entered." *Kirby Bldg. Sys., Inc. v. McNiel*, 327 N.C. 234, 393 S.E.2d 827 (1990), *reh'g denied*, 328 N.C. 275, 400 S.E.2d 453 (1991). "To render judgment means to 'pronounce, state, declare, or announce' judgment." *Id.* at 239, 393 S.E.2d at 830 (citing Black's Law Dictionary 1165 (rev. 5th ed. 1979)). The Supreme Court has indicated that the most common way to render judgment is to announce it orally, usually in open court. *Id.* at 240, 393 S.E.2d at 830. It is clear that in the present case, the trial court rendered its decision in open court by stating: "I will find that the Rule 60 Motion in this matter is not timely filed." However, we must now examine whether the order was also *entered* in open court.

Rule 58 governs our inquiry. Rule 58 provides:

Subject to the provisions of Rule 54(b): Upon a jury verdict that a party shall recover only a sum certain or costs or that all relief shall be denied or upon a decision by the judge in open court to like effect, the clerk, in the absence of any contrary direction by the judge, shall make a notation in his minutes of such verdict or decision and such notation shall constitute the entry of judgment for the purposes of these rules. The clerk shall forthwith prepare, sign, and file the judgment without awaiting any direction by the judge.

In other cases where judgment is rendered in open court, the clerk shall make a notation in his minutes as the judge may direct and such notation shall constitute the entry of judgment for the purposes of these rules. The judge shall approve the form of the judgment and direct its prompt preparation and filing.

In cases where judgment is not rendered in open court, entry of judgment for the purposes of these rules shall be deemed complete when an order for the entry of judgment is received by the clerk from the judge, the judgment is filed and the clerk mails notice of its filing to all parties. The clerk's notation on the judgment of the time of mailing shall be prima facie evidence of mailing and the time thereof.

N.C.G.S. § 1A-1, Rule 58 (1990).

In the present case there was no entry of judgment on 14 January 1991 under the Rule's first paragraph. Rule 58's first two

paragraphs apply when there is a judgment rendered in open court. In paragraph one, after the rendering of judgment, the clerk is to make a notation in the court minutes unless the judge directs to the contrary. An instruction by the court that the prevailing party's attorney is to draft the order is a contrary direction. *Reed v. Abrahamson,* 331 N.C. 249, 255, 415 S.E.2d 549, 552 (1992); *Stachlowski v. Stach,* 328 N.C. 276, 283, 401 S.E.2d 638, 641 (1991); *see also Cobb v. Rocky Mount Bd. of Educ.,* 102 N.C. App. 681, 683, 403 S.E.2d 538, 540 (1991), *aff'd per curiam,* 331 N.C. 280, 415 S.E.2d 554 (1992). In this case, the trial judge did just that when she asked Mr. Collier to prepare an order. Therefore, "[b]ecause of the trial court's contrary direction, the automatic entry provisions of paragraph one do not operate to determine when entry of judgment occurred." *Reed,* 331 N.C. at 257, 415 S.E.2d at 553.

The situation contemplated in paragraph two is likewise inapplicable here. Under the second paragraph, which applies when a judgment has been rendered in open court, the "entry of judgment occurs . . . only if the court *expressly* directs the clerk to make a notation. Upon such an *affirmative* direction and a notation entered in response to such direction, entry of judgment occurs." *Id.* at 257 n.2, 415 S.E.2d at 553 n.2 (emphasis original). We have here no indication that the trial court expressly directed the clerk to make a notation of the judgment. Further, the parties have stipulated that there was in fact no written entry of the court's ruling in the day's official minutes. We conclude that entry of judgment did not occur on 14 January 1991 pursuant to paragraph two of Rule 58. *See Stachlowski,* 328 N.C. at 280, 401 S.E.2d at 641.

Paragraph three contemplates the situation where the court does not render the judgment in open court. N.C.G.S. § 1A-1, Rule 58; *see, e.g., Stachlowski,* 328 N.C. at 281, 401 S.E.2d at 641. Clearly the trial court "rendered" a decision on 14 January 1991 in open court, thereby making paragraph three inapplicable here.

Since none of the three paragraphs of Rule 58 applies here, leaving us peering through a glass, darkly, we look to the *Stachlowski* case for illumination. The relevant factors in the three part analysis articulated in *Stachlowski* are: "(1) an easily identifiable point at which entry occurred, such that (2) the parties have fair notice of the court's judgment and the time thereof, and that (3) the matters for adjudication have been finally and completely resolved

**IN RE HAYES**

[106 N.C. App. 652 (1992)]

so that the case is suitable for appellate review." *Stachlowski*, 328 N.C. at 287, 401 S.E.2d at 645.

In the case at bar, the announcement in open court of the judgment is not *clearly identifiable* as the time judgment was *entered. See Cobb*, 102 N.C. App. at 684, 403 S.E.2d at 540, *aff'd per curiam*, 331 N.C. 280, 415 S.E.2d 554 (1992). The court did not direct the clerk to enter the judgment in the minutes, but instead directed the prevailing party's counsel to prepare the written order. *See id.* However, by contrast, "[t]he date of signing of the judgment provided an easily identifiable point at which entry occurred." *Reed*, 331 N.C. at 258, 415 S.E.2d at 554.

As for whether the parties got fair notice of the court's judgment, we note the Supreme Court's warning that "when the judge makes a contrary direction, such as requesting one of the parties to draft the order or judgment, the likelihood of fair notice to both parties may be jeopardized." *Stachlowski*, 328 N.C. at 283, 401 S.E.2d at 643. This is so, the Court reasoned, because it would be impractical for the losing party to give notice of appeal and to begin preparing the record on appeal without the benefit of a written order which is to include findings of fact. *Id.*

In this case, there are competing factors in the fair notice analysis. First, the appellees make much of the fact that appellant's counsel's reply to the court after she, for the second time, announced her ruling was, "All right. That clears that up for us. Thank you." Further, the court made findings of fact when ruling on the timeliness of the Rule 60(b) motion, most of which were directly incorporated into the order subsequently signed by the judge.

On the other hand, however, the fact that the court made a contrary direction by instructing the prevailing party's counsel to prepare the order must weigh heavily in our analysis, given the Supreme Court's express concern that this type of direction may jeopardize fair notice. Further, while it is true the court did make and announce some findings of fact, the court also quite clearly directed counsel to make his own "appropriate findings of fact based on the evidence that was introduced." The attorney did so, and in fact added several findings of fact to those the judge stated in open court. We conclude, then, after weighing these factors, that "[f]air notice concerns would dictate that entry of judgment occurred when the court adopted the draft order and

proposed findings" and signed the order. *Stachlowski*, 328 N.C. at 284, 401 S.E.2d at 643.

Finally, we address the finality issue. We are of the opinion that the rendering of the judgment in open court was not final. This Court came to the same conclusion in *Cobb* because the findings of fact and conclusions of law were not set forth in final form until the court signed the order. *Cobb*, 102 N.C. App. at 684, 403 S.E.2d at 541. That case was recently affirmed in a *per curiam* decision by the Supreme Court. 331 N.C. 280, 415 S.E.2d 554 (1992). The Supreme Court also, in *Reed*, reasoned that at the time of the signing of the judgment, it was *clear* that "the matters for adjudication . . . had been finally and completely resolved." *Reed*, 331 N.C. at 258, 415 S.E.2d at 554.

Narrowly, under the facts of this case, we hold that the judgment was "entered" on the date the trial judge signed the order. We therefore hold that the appellant's appeal was timely made. We reverse and remand.

Reversed and remanded.

Judges WYNN and WALKER concur.