HUDSON, Judge.
Plaintiff filed suit alleging injuries resulting from an automobile crash. She contended defendant's negligence caused the wreck, which caused the injuries. Defendant admitted negligence and the jury awarded plaintiff $1.00 in damages. On 21 November 2002, the trial court entered a judgment which stated that "each party shall bear their own costs." Plaintiff then filed a motion for attorney's fees pursuant to N.C. Gen.Stat. § 6-21.1, which the trial court granted in open court on 20 December 2002 in the amount of $6,349.09, and entered in the order filed 28 January 2003. On 13 March 2003, defendant moved pursuant to N.C.R. Civ. P 60(b) to set aside the award of attorneys' fees, contending that the 28 January 2003 order awarding attorneys' fees was void. The trial court conducted a hearing on defendant's motion, and denied relief orally, in open court by order on 25 April 2003, and entered an order accordingly on 23 May 2003. Defendant now appeals, arguing the trial court abused its discretion by denying his Rule 60(b) motion for relief. For the reason stated below, we dismiss.
Pursuant to N.C. R. App. P. 3(c)(1), a party must file and serve notice of appeal "within 30 days after entry of judgment . . . ." "Failure to give timely notice of appeal in compliance with N.C. Gen. Stat. 1-279 and Rule 3 . . . is jurisdictional, and an untimely attempt to appeal must be dismissed." Booth v. Utica Mutual Ins. Co., 308 N.C. 187, 189, 301 S.E.2d 98, 99-100 (1983). Defendant filed a motion pursuant to Rule 60(b) on 13 March 2003, which was denied by order filed 23 May 2003. While Rule 3 provides that filing of certain post-trial motions tolls the period for filing notice of appeal, motions filed under Rule 60(b) are not included. Thus, to be timely, notice of appeal had to be filed according to Rule 3. Here, defendant did not file notice of appeal of the order filed 28 January 2003 until 25 June 2003, well outside of the thirty-day time limit set out in Rule 3. As a result, this Court lacks the jurisdiction to consider defendant's challenge to the propriety of the 20 December 2002 judgment, and we must dismiss the appeal of that order.
Defendant's notice of appeal, filed 25 June 2003, also purported to appeal from the 23 May 2003 order denying relief under Rule 60(b). We note that it is well settled that a Rule 60(b)motion is no substitute for appellate review, and that an erroneous judgment may only be corrected by timely appeal. Chicopee, Inc. v. Sims Metal Works, Inc., 98 N.C. App. 423, 432, 391 S.E.2d 211, 217, disc. review denied, 327 N.C. 426, 395 S.E.2d 674 (1990). Thus, defendant's avenue for having this Court review the 28 January 2003 order was through a timely appeal, which defendant did not file. Pursuant to Rule 3, notice of appeal must be filed within 30 days after "entry of [the order]." Thus, even if defendant filed timely notice of appeal after the May order, his right to appeal the January order was already lost. As a result, we conclude that we have no jurisdiction to review either order.
Appeal dismissed.
Judges GEER and THORNBURG concur.
Report per Rule 30(e).