JAMES JOHNSON, Plaintiff v. ROWLAND MOTOR COMPANY, Defendant

No. COA04-536

(Filed 18 January 2005)

**Appeal and Error— motion to certify interlocutory order for appeal—time of notice of appeal—not tolled**

An appeal was dismissed where notice of appeal was not timely filed and no motion was filed that would toll the time for taking an appeal. There is no provision for tolling the time for taking an appeal when a motion to certify an interlocutory order for immediate review has been made.

Appeal by plaintiff from judgment entered 16 June 2003 by Judge Robert Frank Floyd, Jr. in Robeson County Superior Court. Heard in the Court of Appeals 27 December 2004.

*The Anderson Law Firm, P.L.L.C., by Richard J. Hollar, for plaintiff-appellant.*

*Law Office of Robert E. Price, by Robert E. Price for defendant-appellee.*

HUNTER, Judge.

On 16 June 2003, Judge Robert Frank Floyd, Jr. filed a judgment granting partial summary judgment in favor of defendant on plaintiff's claim for fraud and unfair trade practices and reserving for trial plaintiff's claim for breach of contract. On the same date, the judgment was served by defendant on plaintiff by first class mail. On 21 October 2003, Judge Gary L. Locklear entered an order certifying the order for immediate review pursuant to Rule 54(b) of the Rules of Civil Procedure. On 19 November 2003, plaintiff filed notice of appeal from the judgment entered by Judge Floyd on 16 June 2003.

To confer jurisdiction on an appellate court of this state, a party appealing from a lower court order must comply with the requirements of Rule 3 of the North Carolina Rules of Appellate Procedure. *Bailey v. State*, 353 N.C. 142, 156, 540 S.E.2d 313, 322 (2000). This rule requires that notice of appeal from a judgment or order in a civil action be given within thirty days after its entry. N.C.R. App. P. 3(c). This rule further provides that the running of the time for giving notice of appeal is tolled under the following circumstances: (1) the duration of any period of noncompliance with the service requirement of Rule 58 of the Rules of Civil Procedure; (2) a motion under Rule 50(b) for judgment notwithstanding the verdict; (3) a motion under Rule 52(b) to amend or make additional findings of fact; (4) a motion under Rule 59 to alter or amend a judgment; and (5) a motion under Rule 59 for a new trial. *Id.* There is no provision for tolling of the time for taking an appeal when a motion to certify an interlocutory order for immediate review has been made. When timely notice of appeal in accordance with Rule 3(a) is not given, the appellate court must dismiss the appeal. *Booth v. Utica Mutual Ins. Co.*, 308 N.C. 187, 189, 301 S.E.2d 99, 100 (1983).

In the case at bar, the order from which appeal is taken was filed on 16 June 2003 and served on plaintiff on the same date by first class mail. However, the notice of appeal was not filed until 19 November 2003. No motion that would toll the time for taking an appeal under Rule 3(c) was filed. Because notice of appeal was not timely given, we must dismiss the appeal.

Appeal dismissed.

Judges ELMORE and STEELMAN concur.