IN RE: N.R., A minor child.
No. COA08-930
Court of Appeals of North Carolina
Filed January 6, 2009
This case not for Publication
Office of the Wake County Attorney, by County Attorney Scott W. Warren and Assistant County Attorneys Mary Elizabeth Smerko, Roger A. Askew, and Julia Southwick, for petitioner-appellee Wake County Human Services.
Attorney Advocate Anthony H. Morris for Guardian ad Litem.
Robin E. Strickland for respondent-appellant.
BRYANT, Judge.
The mother (hereinafter "Mother") of N.R. (hereinafter "Juvenile") appeals from an order adjudicating Juvenile as neglected and continuing custody in the Wake County Human Services (hereinafter "Petitioner").
Petitioner has filed in this Court a motion to dismiss the appeal on the ground the appeal is moot, because Mother, subsequent to filing notice of appeal, relinquished the child for adoption by the paternal grandparents. However, we need not address the merits of this motion because of a more fundamental defect not noted by the parties.
Under our Rules of Appellate Procedure, Rule 3A(a) providesthe following:
Any party entitled by law to appeal from a trial court judgment or order in a case involving termination of parental rights and issues of juvenile dependency or juvenile abuse/or neglect . . . may take appeal by filing notice of appeal with the clerk of superior court and serving copies thereof upon all other parties in the time and manner set out in Chapter 7B of the General Statutes of North Carolina.
N.C. R. App. P. 3A(a) (2008). Furthermore, "except as hereinafter provided by this rule, all other existing Rules of Appellate Procedure shall remain applicable." Id.
In Chapter 7B of our North Carolina General Statutes, section 7B-1001 governs the right to appeal in juvenile neglect/abuse proceedings. This section provides in pertinent part that "notice of appeal shall be given in writing by a proper party as defined in G.S. 7B-1002 and shall be made within 30 days after entry and service of the order in accordance with G.S. 1A-1, Rule 58." N.C. Gen. Stat. § 7B-1001(b).
Appellate Procedure Rule 3(c), which governs the time for taking an appeal in a civil action, provides that the provision of additional time permitted by Rules 27(b) or 6(e) after service by mail shall not apply to computing the time for filing notice of appeal. N.C. R. App. P. 3(c) (2008). We can find nothing in Rule 3A to exempt a juvenile neglect or dependency proceeding from this provision of Appellate Rule 3(c).
Application of these rules and statutes to the facts of this case reveal that Mother failed to give timely notice of appeal. The filed order in this case was served by mail on 14 May 2008;thus, the deadline for filing notice of appeal was thirty days later on Friday, 13 June 2008. The notice of appeal was filed on Monday, 16 June 2008. Timely notice of appeal "is jurisdictional, and an untimely attempt to appeal must be dismissed." Booth v. Utica Mut. Ins. Co., 308 N.C. 187, 189, 301 S.E.2d 98, 99-100 (1983) (per curiam). Accordingly, we must dismiss the appeal.
Although we dismiss this appeal, we nonetheless, for completeness reviewed the merits of this appeal and determine that mother's contentions are without merit.
Appeal Dismissed.
Judge CALABRIA concurs.
Judge WYNN concurs in the result only.
Report per Rule 30(e).